IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., | No. C 09-3511 RS |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING AND BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION** |
| 724 SOLUTIONS (US) INC, et al., | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Openwave Systems, Inc. seeks a temporary restraining order precluding defendants and any persons acting in concert or participation with them from transferring any of defendants' assets in furtherance of a recently announced acquisition of defendants by one or more of a family of companies based in Israel known as Mobixell Networks. Because Openwave has not made the requisite showing that such a restraining order is available in this patent infringement action or that such relief is warranted even if available, the motion for a temporary restraining order will be denied. The matter will be set for hearing on a preliminary injunction, however, on an expedited schedule.

## II. BACKGROUND

Openwave filed this action against defendants 724 Solutions (US) Inc. and 724 Solutions Software, Inc. (collectively "724") asserting that 724's products infringe one or more claims of four patents held by Openwave. The patents-in-suit generally relate to the delivery of data and value-added services over mobile telephone networks.

On January 21, 2010, 724 issued a press release announcing it had been acquired by an Israeli-based company called Mobixell Networks (Israel) Ltd.[1] Although Openwave has not yet been able to obtain any details of the transaction, it believes that Mobixell purchased all of 724's assets for less than fair value, is transferring those assets to Israel, and is leaving 724 as a shell incapable of satisfying any judgment Openwave might obtain. Openwave has seen published reports that according to unnamed "industry sources" the purchase price may have been only in the "tens of millions of dollars."

## III. DISCUSSION

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.,* 236 F.Supp.2d 1152, 1154 (D.Hawai'i 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D.Cal.1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of the hardships tips in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir.1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir.1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

The right to preliminary relief usually flows from a potential right to final relief of the same character. Therefore, as a general rule, a federal court cannot issue an "asset freeze" such as Openwave seeks here simply to ensure that any judgment a plaintiff may ultimately obtain will be

---

[1] Openwave asserts that there are a number of related Mobixell entities, and that it is unsure which one actually purchased 724. For convenience this order will simply refer to "Mobixell" without attempting to distinguish among the related entities.

2

collectible. See *Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319-320 (1999) (holding that in an action for money damages, a district court has no power to issue a preliminary injunction preventing a defendant from transferring assets in which no lien or equitable interest is claimed.)

An asset freeze may be available, however, where a plaintiff is seeking equitable remedies relating to those assets. See, e.g., *In re Focus Media Inc.,* 387 F.3d 1077, 1084 (9th Cir. 2004) (asset freeze found proper in adversary proceeding in bankruptcy court, where complaint alleged fraudulent conveyance). Here, Openwave complains in its motion papers that the transaction constitutes a fraudulent conveyance under California law, but it has not pleaded such a claim in its complaint or even moved for leave to amend to include such a claim. Accordingly, it is far from clear that preliminary relief of the nature Openwave requests is even available in this action as it stands.

Finally, even assuming Openwave can amend to state a claim that would support an asset freeze, it has not made a sufficient showing to support a temporary restraining order. Among other things, speculative hearsay regarding a purchase price in the "tens of millions" of dollars is far too uncertain and vague to establish the likelihood that a fraudulent transfer has taken place. This is all the more so given the fact that Openwave has introduced no evidence as to what the fair market value of 724's assets might be. Accordingly, the motion for a temporary restraining order will be denied, but the matter will be set for hearing on a preliminary injunction, with an opportunity for the parties to develop the record further.

## IV. CONCLUSION

The request for a temporary restraining order is DENIED. Plaintiff's motion for a preliminary injunction shall be heard on February 10, 2010 at 9:30 a.m., in Courtroom 4 of the San Jose Courthouse. Plaintiff may file any additional papers in support of the motion no later January 29, 2010. Any opposition shall be filed no later than February 5, 2010.

IT IS SO ORDERED.

Dated: 01/25/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE