DANIEL JOHNSON, JR. (SBN 57409)
BRETT M. SCHUMAN (SBN 189247)
AHREN C. HOFFMAN (SBN 250469)
RYAN L. SCHER (SBN 244706)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California  94105-1126
Telephone:      415.442.1000
Facsimile:      415.442.1001
E-mail:        djjohnson@morganlewis.com
E-mail:        bschuman@morganlewis.com
E-mail:        ahoffman@morganlewis.com
E-mail:        rscher@morganlewis.com

Attorneys for Plaintiff and Counterdefendant,
OPENWAVE SYSTEMS, INC. and Plaintiff
OPENWAVE SYSTEMS (ROI) LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| OPENWAVE SYSTEMS, INC., a Delaware corporation, and OPENWAVE SYSTEMS (ROI) LTD., its Republic of Ireland subsidiary<br><br>Plaintiff,<br><br>v.<br><br>724 SOLUTIONS (US) INC., a Delaware corporation, and 724 SOLUTIONS SOFTWARE INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 09-CV-03511 (RS, HRL)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21504943.1

CASE NO. 09-CV-03511 (RS, HRL)

Plaintiffs OPENWAVE SYSTEMS, INC. and OPENWAVE SYSTEMS (ROI) LTD. (together "OPENWAVE") allege as follows:

## PARTIES

1.      Plaintiff OPENWAVE SYSTEMS, INC. is a Delaware corporation with its principal place of business at 2100 Seaport Blvd. Redwood City, California, 94063. OPENWAVE is qualified and duly authorized to conduct business in the State of California.

2.      Plaintiff OPENWAVE SYSTEMS (ROI) LTD. is a subsidiary of OPENWAVE SYSTEMS, INC. located in the Republic of Ireland.

3.      On information and belief, defendant 724 SOLUTIONS (US) INC. is a Delaware corporation with its principal place of business at 3916 State Street, Ste. 200, Santa Barbara, California, 93105.

4.      On information and belief, defendant 724 SOLUTIONS SOFTWARE INC. is a Delaware corporation with its principal place of business at 3916 State Street, Ste. 200, Santa Barbara, California, 93105.

## JURISDICTION AND VENUE

5.      This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a).

6.      This Court has personal jurisdiction over defendant 724 SOLUTIONS (US) INC. because 724 SOLUTIONS (US) INC. has its principal place of business in California.

7.      This Court has personal jurisdiction over 724 SOLUTIONS SOFTWARE INC. because 724 SOLUTIONS SOFTWARE INC. has its principal place of business in California.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

9.      Under Local Rule 3-2(c), this action shall be assigned on a district-wide basis.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21504943.1

2

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
CASE NO. 09-CV-03511 (RS, HRL)

**PATENTS-IN-SUIT**

10.     OPENWAVE SYSTEMS, INC. is the sole owner of U.S. Patent No. 6,430,409 (the "'409 Patent"), filed on November 26, 1997 and issued on August 6, 2002, entitled "Method and Architecture for an Interactive Two-Way Data Communication Network."  A true and correct copy of the '409 Patent is attached to this Complaint as Exhibit A.

11.     OPENWAVE SYSTEMS, INC. is the sole owner of U.S. Patent No. 6,466,783 (the "'783 Patent"), filed on June 8, 1998 and issued on October 15, 2002, entitled "Visual Interface to Mobile Subscriber Account Services."  A true and correct copy of the '783 Patent is attached to this Complaint as Exhibit B.

12.     OPENWAVE SYSTEMS, INC. is the sole owner of U.S. Patent No. 6,742,022 (the "'022 Patent"), filed on April 30, 1998 and issued on May 25, 2004, entitled "Centralized Service Management System for Two-Way Interactive Communication Devices in Data Networks."  A true and correct copy of the '022 Patent is attached to this Complaint as Exhibit C.

13.     OPENWAVE SYSTEMS, INC. is the sole owner of U.S. Patent No. 7,054,626 (the "'626 Patent"), filed on August 20, 2001 and issued on May 30, 2006, entitled "Method and Architecture for an Interactive Two-Way Data Communication Network."  A true and correct copy of the '626 Patent is attached to this Complaint as Exhibit D.

14.     OPENWAVE SYSTEMS, INC. is the sole owner of U.S. Patent No. 6,065,120 (the "'120 Patent"), filed on December 9, 1997 and issued on May 16, 2000, entitled "Method and System for Self-Provisioning a Rendezvous to Ensure Secure Access to Information in Database from Multiple Devices."  A true and correct copy of the '120 Patent is attached to this Complaint as Exhibit E.

15.     OPENWAVE SYSTEMS, INC. is the sole owner of U.S. Patent No. 6,119,167 (the "'167 Patent"), filed on July 11, 1997 and issued on September 12, 2000, entitled "Pushing and Pulling Data in Networks."  A true and correct copy of the '167 Patent is attached to this Complaint as Exhibit F.

16.     OPENWAVE SYSTEMS, INC. is the sole owner of U.S. Patent No. 6,247,048 (the "'048 Patent"), filed on April 30, 1998 and issued on June 12, 2001, entitled "Method and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21504943.1     3     FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
CASE NO. 09-CV-03511 (RS, HRL)

1  Apparatus for Transcoding Character Sets between Internet Hosts and Thin Client Devices over

2  Data Networks."  A true and correct copy of the '048 Patent is attached hereto as Exhibit G.

3      17.     OPENWAVE SYSTEMS (ROI) LTD. is the sole owner of U.S. Patent No.

4  6,822,954 (the "'954 Patent"), filed on August 2, 2001 and issued on November 23, 2004, entitled

5  "Telecommunications Gateway."  A true and correct copy of the '954 Patent is attached hereto as

6  Exhibit H.

7                      **FIRST CLAIM FOR RELIEF**

8                  (Infringement of U.S. Patent No. 6,430,409)

9      18.     OPENWAVE SYSTEMS, INC. realleges and incorporates by reference the

10  allegations stated in paragraphs 1 through 17 of this Complaint.

11      19.     On information and belief, 724 SOLUTIONS (US) INC. and 724 SOLUTIONS

12  SOFTWARE INC. (collectively "Defendants"), by engaging in the unauthorized manufacture (or

13  causing to be manufactured), importation, use, sale and/or offer for sale of products that are

14  covered by one or more of the claims of the '409 Patent, has committed acts of direct,

15  contributory and/or inducement of infringement of one or more claims of the '409 Patent.  These

16  acts constitute violations of 35 U.S.C. § 271.  Such infringing products include, but are not

17  limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

18      20.     On information and belief, Defendants' infringement of the '409 Patent is, has

19  been, and continues to be willful and deliberate, entitling OPENWAVE SYSTEMS, INC. to

20  increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting

21  this action under 35 U.S.C. § 285.

22      21.     Such infringement has injured and damaged OPENWAVE SYSTEMS, INC.

23  Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring

24  OPENWAVE SYSTEMS, INC..

25      22.     As a direct and proximate result of Defendants' infringement of the '409 Patent,

26  OPENWAVE SYSTEMS, INC. has been and continues to be damaged in an amount yet to be

27  determined.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21504943.1

4

**SECOND CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 6,466,783)

23.     OPENWAVE SYSTEMS, INC. realleges and incorporates by reference the allegations stated in paragraphs 1 through 17 of this Complaint.

24.     On information and belief, Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of products that are covered by one or more of the claims of the '783 Patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '783 Patent. These acts constitute violations of 35 U.S.C. § 271. Such infringing products include, but are not limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

25.     On information and belief, Defendants' infringement of the '783 Patent is, has been, and continues to be willful and deliberate, entitling OPENWAVE SYSTEMS, INC. to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

26.     Such infringement has injured and damaged OPENWAVE SYSTEMS, INC.. Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring OPENWAVE SYSTEMS, INC..

27.     As a direct and proximate result of Defendants' infringement of the '783 Patent, OPENWAVE SYSTEMS, INC. has been and continues to be damaged in an amount yet to be determined.

**THIRD CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 6,742,022)

28.     OPENWAVE SYSTEMS, INC. realleges and incorporates by reference the allegations stated in paragraphs 1 through 17 of this Complaint.

29.     On information and belief, Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of products that are covered by one or more of the claims of the '022 Patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '022 Patent.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21504943.1

5

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
CASE NO. 09-CV-03511 (RS, HRL)

1    These acts constitute violations of 35 U.S.C. § 271.  Such infringing products include, but are not

2    limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

3            30.      On information and belief, Defendants' infringement of the '022 Patent is, has

4    been, and continues to be willful and deliberate, entitling OPENWAVE SYSTEMS, INC. to

5    increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting

6    this action under 35 U.S.C. § 285.

7            31.      Such infringement has injured and damaged OPENWAVE SYSTEMS, INC..

8    Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring

9    OPENWAVE SYSTEMS, INC..

10           32.      As a direct and proximate result of Defendants' infringement of the '022 Patent,

11    OPENWAVE SYSTEMS, INC. has been and continues to be damaged in an amount yet to be

12    determined.

13                       **FOURTH CLAIM FOR RELIEF**

14                   (Infringement of U.S. Patent No. 7,054,626)

15           33.      OPENWAVE SYSTEMS, INC. realleges and incorporates by reference the

16    allegations stated in paragraphs 1 through 17 of this Complaint.

17           34.      On information and belief, Defendants, by engaging in the unauthorized

18    manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of

19    products that are covered by one or more of the claims of the '626 Patent, has committed acts of

20    direct, contributory and/or inducement of infringement of one or more claims of the '626 Patent.

21    These acts constitute violations of 35 U.S.C. § 271.  Such infringing products include, but are not

22    limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

23           35.      On information and belief, Defendants' infringement of the '626 Patent is, has

24    been, and continues to be willful and deliberate, entitling OPENWAVE SYSTEMS, INC. to

25    increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting

26    this action under 35 U.S.C. § 285.

27           36.      Such infringement has injured and damaged OPENWAVE SYSTEMS, INC..

28    Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21504943.1

6

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
CASE NO. 09-CV-03511 (RS, HRL)

1   OPENWAVE SYSTEMS, INC..

2         37.    As a direct and proximate result of Defendants' infringement of the '626 Patent,

3   OPENWAVE SYSTEMS, INC. has been and continues to be damaged in an amount yet to be

4   determined.

5   <center>**FIFTH CLAIM FOR RELIEF**</center>

6   <center>(Infringement of U.S. Patent No. 6,065,120)</center>

7         38.    OPENWAVE SYSTEMS, INC. realleges and incorporates by reference the

8   allegations stated in paragraphs 1 through 17 of this Complaint.

9         39.    On information and belief, Defendants, by engaging in the unauthorized

10  manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of

11  products that are covered by one or more of the claims of the '120 Patent, has committed acts of

12  direct, contributory and/or inducement of infringement of one or more claims of the '120 Patent.

13  These acts constitute violations of 35 U.S.C. § 271.  Such infringing products include, but are not

14  limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

15        40.    On information and belief, Defendants' infringement of the '120 Patent is, has

16  been, and continues to be willful and deliberate, entitling OPENWAVE SYSTEMS, INC. to

17  increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting

18  this action under 35 U.S.C. § 285.

19        41.    Such infringement has injured and damaged OPENWAVE SYSTEMS, INC..

20  Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring

21  OPENWAVE SYSTEMS, INC..

22        42.    As a direct and proximate result of Defendants' infringement of the '120 Patent,

23  OPENWAVE SYSTEMS, INC. has been and continues to be damaged in an amount yet to be

24  determined.

25  <center>**SIXTH CLAIM FOR RELIEF**</center>

26  <center>(Infringement of U.S. Patent No. 6,119,167)</center>

27        43.    OPENWAVE SYSTEMS, INC. realleges and incorporates by reference the

28  allegations stated in paragraphs 1 through 17 of this Complaint.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21504943.1

7

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
CASE NO. 09-CV-03511 (RS, HRL)

1    44.    On information and belief, Defendants, by engaging in the unauthorized

2  manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of

3  products that are covered by one or more of the claims of the '167 Patent, has committed acts of

4  direct, contributory and/or inducement of infringement of one or more claims of the '167 Patent.

5  These acts constitute violations of 35 U.S.C. § 271.  Such infringing products include, but are not

6  limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

7    45.    On information and belief, Defendants' infringement of the '167 Patent is, has

8  been, and continues to be willful and deliberate, entitling OPENWAVE SYSTEMS, INC. to

9  increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting

10  this action under 35 U.S.C. § 285.

11    46.    Such infringement has injured and damaged OPENWAVE SYSTEMS, INC..

12  Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring

13  OPENWAVE SYSTEMS, INC..

14    47.    As a direct and proximate result of Defendants' infringement of the '167 Patent,

15  OPENWAVE SYSTEMS, INC. has been and continues to be damaged in an amount yet to be

16  determined.

17            **SEVENTH CLAIM FOR RELIEF**

18         (Infringement of U.S. Patent No. 6,247,048)

19    48.    OPENWAVE SYSTEMS, INC. realleges and incorporates by reference the

20  allegations stated in paragraphs 1 through 17 of this Complaint.

21    49.    On information and belief, Defendants, by engaging in the unauthorized

22  manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of

23  products that are covered by one or more of the claims of the '048 Patent, has committed acts of

24  direct, contributory and/or inducement of infringement of one or more claims of the '048 Patent.

25  These acts constitute violations of 35 U.S.C. § 271.  Such infringing products include, but are not

26  limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

27    50.    On information and belief, Defendants' infringement of the '048 Patent is, has

28  been, and continues to be willful and deliberate, entitling OPENWAVE SYSTEMS, INC. to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21504943.1    8    FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
CASE NO. 09-CV-03511 (RS, HRL)

1    increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting

2    this action under 35 U.S.C. § 285.

3         51.    Such infringement has injured and damaged OPENWAVE SYSTEMS, INC..

4    Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring

5    OPENWAVE SYSTEMS, INC..

6         52.    As a direct and proximate result of Defendants' infringement of the '048 Patent,

7    OPENWAVE SYSTEMS, INC. has been and continues to be damaged in an amount yet to be

8    determined.

9                        **EIGHTH CLAIM FOR RELIEF**

10                    (Infringement of U.S. Patent No. 6,822,954)

11        53.    OPENWAVE SYSTEMS (ROI) LTD. realleges and incorporates by reference the

12   allegations stated in paragraphs 1 through 17 of this Complaint.

13        54.    On information and belief, Defendants, by engaging in the unauthorized

14   manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of

15   products that are covered by one or more of the claims of the '954 Patent, has committed acts of

16   direct, contributory and/or inducement of infringement of one or more claims of the '954 Patent.

17   These acts constitute violations of 35 U.S.C. § 271.  Such infringing products include, but are not

18   limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

19        55.    On information and belief, Defendants' infringement of the '954 Patent is, has

20   been, and continues to be willful and deliberate, entitling OPENWAVE SYSTEMS (ROI) LTD.

21   to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in

22   prosecuting this action under 35 U.S.C. § 285.

23        56.    Such infringement has injured and damaged OPENWAVE SYSTEMS (ROI)

24   LTD..  Unless enjoined by this Court, Defendants will continue its infringement, irreparably

25   injuring OPENWAVE SYSTEMS (ROI) LTD..

26        57.    As a direct and proximate result of Defendants' infringement of the '954 Patent,

27   OPENWAVE SYSTEMS (ROI) LTD. has been and continues to be damaged in an amount yet to

28   be determined.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21504943.1                             9

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
CASE NO. 09-CV-03511 (RS, HRL)

**PRAYER FOR RELIEF**

WHEREFORE, OPENWAVE SYSTEMS, INC. and OPENWAVE SYSTEMS (ROI) LTD. pray that this Court enter judgment as follows:

(A)     Adjudicating and declaring that Defendants have infringed, actively induced infringement of, and/or contributorily infringed the Patents-In-Suit;

(B)     Preliminarily and permanently enjoining the Defendants, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them from further infringement of the Patents-In-Suit;

(C)     Ordering that Defendants account, and pay actual damages (but no less than a reasonable royalty), to OPENWAVE for Defendants' infringement of the Patents-In-Suit;

(D)     Ordering that Defendants pay treble damages to OPENWAVE as provided by 35 U.S.C. § 284;

(E)     Ordering that Defendants pay OPENWAVE's costs, expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284;

(F)     Declaring this case exceptional under 35 U.S.C. § 285 and awarding OPENWAVE its reasonable attorneys' fees, expenses, and costs incurred in this action; and

(G)     Granting OPENWAVE such other and further relief as the Court deems just and appropriate, or that OPENWAVE may be entitled to as a matter of law or equity.

Dated: February 4, 2010                         MORGAN, LEWIS & BOCKIUS LLP



                                                By /s/ Brett M. Schuman
                                                Brett M. Schuman
                                                Attorneys for Plaintiff

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21504943.1                              10               FIRST AMENDED COMPLAINT FOR DAMAGES
                                                              AND INJUNCTIVE RELIEF
                                                              CASE NO. 09-CV-03511 (RS, HRL)

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, OPENWAVE hereby requests a trial by jury.


Dated: February 4, 2010                                        MORGAN, LEWIS & BOCKIUS LLP


                                                        By  /s/ Brett M. Schuman
                                                            Brett M. Schuman
                                                            Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
CASE NO. 09-CV-03511 (RS, HRL)