DANIEL JOHNSON, JR. (SBN 57409)
BRETT M. SCHUMAN (SBN 189247)
AHREN C. HOFFMAN (SBN 250469)
RYAN L. SCHER (SBN 244706)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: djjohnson@morganlewis.com
E-mail: bschuman@morganlewis.com
E-mail: ahoffman@morganlewis.com
E-mail: rscher@morganlewis.com

Attorneys for Plaintiff and Counterdefendant,
OPENWAVE SYSTEMS, INC. and Plaintiff
OPENWAVE SYSTEMS (ROI) LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., a Delaware corporation, and OPENWAVE SYSTEMS (ROI) LTD., its Republic of Ireland subsidiary,<br><br>Plaintiff,<br><br>v.<br><br>724 SOLUTIONS (US) INC., a Delaware corporation, and 724 SOLUTIONS SOFTWARE INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 09-CV-03511 (RS, HRL)<br><br>**NOTICE OF WITHDRAWAL OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: February 17, 2010<br>Time: 9:30 am<br>Location: Courtroom 4, 5th Floor<br>Judge: The Hon. Richard Seeborg |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT, pursuant to Civil L.R. 7-7(e), Plaintiff and
3  Counterdefendant Openwave Systems, Inc. ("Openwave") hereby withdraws its Motion For A
4  Temporary Restraining Order/Preliminary Injunction [Dkt. No. 61], with a reservation of rights.

5  Openwave filed its Motion for Temporary Restraining Order and Order to Show Cause
6  ("TRO Motion") on January 25, 2010. Dkt. No. 61. While the Court denied Openwave's TRO
7  Motion, the Court set a hearing for Openwave's motion for a preliminary injunction to be heard
8  on February 10, 2010. Dkt. No. 64. The Court's Order permitted Openwave to file additional
9  papers in support of its motion no later than January 29, 2010, and permitted 724 Solutions to file
10 an opposition no later than February 5, 2010. *Id.* The Court noted that, to make a sufficient
11 showing in support of a temporary restraining order, Openwave needed to establish, among other
12 things, the price Mobixell Networks, Inc. ("Mobixell") paid to acquire defendants 724 Solutions
13 (US) Inc. and 724 Solutions Software Inc. (together, "724 Solution"). *Id.* at 3:13-16.

14 Openwave subpoenaed Mobixell for this and other information prior to filing its TRO
15 Motion. The return date on the subpoena was January 29, 2010. *See* Dkt. No. 63-3 (Subpoena).
16 On January 28, 2010, the day before both Mobixell's subpoena response and Openwave's
17 deadline to file additional papers in support of its preliminary injunction motion were due,
18 Openwave's counsel met and conferred with counsel for Mobixell regarding Mobixell's expected
19 response to Openwave's subpoena. Dkt. No. 69 at 1:19-21. Based on counsel's representation
20 that Openwave would receive certain materials from Mobixell that might alleviate the need for
21 Openwave's motion, Openwave agreed to continue the February 10, 2010 hearing to February 17,
22 2010. Dkt. No. 69 at 1:22-25 ("the parties believe that good cause exists for a short continuance
23 of the February 10, 2010 preliminary injunction hearing so that Openwave may evaluate the
24 materials it expects to receive from Mobixell in response to the subpoena before responding to the
25 Court's January 25, 2010 Order"); *see* Dkt. No. 70 (Order continuing hearing). Pursuant to the
26 parties' stipulation, Openwave's deadline for filing additional papers in support of its motion is
27 today, February 5, 2010. *Id.*

28 Mobixell did not, however, produce a single document responsive to Openwave's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21539309.1    1    NOTICE OF WITHDRAWAL
CASE NO. 09-CV-03511 (RS, HRL)

1   subpoena on January 29, 2010.  Decl. of Brett M. Schuman in Supp. of Openwave's Notice of

2   Withdrawal ("Schuman Decl.") ¶ 2.  Instead, Mobixell served objections to the subpoena and

3   provided a self-serving and argumentative declaration from an Israeli lawyer purporting to

4   provide certain limited information regarding the terms of the Mobixell-724 Solutions

5   transaction.  Schuman Decl. ¶ 2-3, Ex. A (Mobixell's Objections and responses to Openwave's

6   Subpoena).  Later that same day, Openwave contacted Mobixell's counsel concerning the

7   deficiencies in its subpoena response including, but not limited to, the failure to produce any

8   documents whatsoever, and requested an immediate responsive production.  Schuman Decl. ¶ 4.

9       On January 31, Openwave asked Mobixell to produce the Mobixell declarant at the

10  February 17, 2010 preliminary injunction hearing for cross-examination regarding the statements

11  made in the declaration.  Schuman Decl. ¶ 4.  Mobixell refused to confirm that the declarant

12  would be made available for cross-examination at the hearing.  *Id.*

13      On February 2, 2010, Openwave and Mobixell conferred again.  Schuman Decl. ¶ 5.  On

14  February 3, 2010, Mobixell supplemented its response to Openwave's subpoena by providing

15  Openwave with heavily redacted versions of some (but not all) of the transactional documents.

16  Schuman Decl. ¶ 6.  In fact, of the 78 pages Mobixell produced, 43 pages are redacted in full (i.e.,

17  blank), and 11 pages are redacted in part.  *Id.*  Among other information that Mobixell redacted

18  from these documents was, of course, the price Mobixell paid for 724 Solutions or its assets.

19      Again, Openwave promptly conferred with Mobixell regarding its deficient response to

20  the subpoena.  Schuman Decl. ¶ 7.  Openwave detailed the deficiencies in Mobixell's responses

21  and provided a list of information Openwave needed to be able to provide the Court with a

22  supplemental brief in support of its preliminary injunction request.  *Id.*  Openwave and Mobixell

23  exchanged numerous emails the next day, wherein Mobixell offered to provide yet *another*

24  declaration which purportedly would respond to Openwave's inquiries.  Schuman Decl. ¶ 8.

25  Mobixell served that second declaration today, February 5, 2010 – the day Openwave's

26  supplemental brief in support of its preliminary injunction request is due.  Schuman Decl. ¶ 9.

27  The declaration was made by the same Israeli lawyer who made the first declaration.  Once again,

28  the declaration fails to provide the information requested and needed by Openwave to pursue

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21539309.1         2         NOTICE OF WITHDRAWAL
                                 CASE NO. 09-CV-03511 (RS, HRL)

1  preliminary injunctive relief.

2      In short, Openwave is withdrawing its motion because Mobixell has not responded
3  properly to Openwave's subpoena.  Mobixell knows that Openwave cannot plead or pursue a
4  claim under the Uniform Fraudulent Transfer Act ("UFTA") unless Openwave knows the price
5  Mobixell paid for 724 Solutions, and therefore Mobixell has refused to provide that (among
6  other) information.[1]  Openwave will file a motion to compel Mobixell to make a complete
7  production in response to Openwave's subpoena.  Openwave reserves its right to re-notice a
8  motion for a preliminary injunction if and when it obtains through discovery information
9  establishing that such relief is warranted and needed to protect Openwave's rights.

10 Dated: February 5, 2010                  MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Brett M. Schuman
    Brett M. Schuman
    Attorneys for Plaintiffs

---

[1] Indeed, 724 Solutions and Mobixell have been so tight-lipped about the transaction that they have not even updated 724 Solutions' Corporate Disclosure Statement and Certification of Interested Entities or Persons – despite 724 Solutions being acquired almost a month ago.  *See* Fed. R. Civ. P. 7.1, Civ. L.R. 3-16.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21539309.1

3

NOTICE OF WITHDRAWAL
CASE NO. 09-CV-03511 (RS, HRL)