**\*\*E-filed 03/08/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

OPENWAVE SYSTEMS, INC.,

    Plaintiff,

v.

724 SOLUTIONS (US) INC, et al.,

    Defendant.
_____/

No. C 09-3511 RS

**ORDER RE MOTION TO DISMISS COUNTERCLAIM**

In this patent infringement action, defendants 724 Solutions (US) Inc. and 724 Solutions Software, Inc. (collectively "724") asserted a counterclaim against plaintiff Openwave Systems, Inc. seeking declaratory relief that the patents in suit are unenforceable, under the label of "patent misuse." Openwave moved to dismiss that counterclaim (the fifth), contending that the facts alleged were insufficient and/or related to conduct not actionable under the doctrine of patent misuse. In opposition to the motion 724 argued, among other things, that the same basic patent misuse allegations were pleaded as one of its affirmative defenses, which Openwave had not moved to strike. On reply, Openwave asserted that its failure to attack the affirmative defense was immaterial, because the Court could and should strike it upon determining that the counterclaim failed. Openwave went on to request expressly that the affirmative defense be stricken.

While the motion was under submission, the parties stipulated that Openwave could file an amended complaint, to add additional patents. 724 then responded to the amended complaint with a new answer and counterclaims, omitting the patent misuse allegations from the counterclaims, and relegating them instead to the affirmative defenses.

Both parties sought, and were granted, leave to file supplemental briefs addressing the impact of this development. 724 contends the motion to dismiss is now moot, as it never was and still is not a motion to strike directed at the affirmative defense. Openwave, in turn, urges the Court not to find the motion moot, and instead to rule on the viability of the affirmative defense.

724 is technically correct that the original motion is moot—it was directed at a counterclaim in a pleading that has now been superseded, and the current pleading does not contain the same counterclaim. 724 is also technically correct that the procedural vehicle under current practice for challenging affirmative defenses is a motion to strike, not a motion to dismiss. That said, the resources of the Court and the parties would be wasted, and judicial efficiency ill-served, were the Court to decline to decide an issue now that has been fully briefed and argued, and that Openwave could and likely would raise again by a separate motion were the Court simply to declare it technically moot.

Accordingly, placing substance over form, Openwave's supplemental brief will be deemed sufficient to convert the original motion to dismiss into a motion to strike the affirmative defense in the current pleading, particularly given that 724 has had notice that Openwave has believed the viability of the defense to be at issue at least since the original reply brief. No further briefing appearing necessary, the Court will proceed to the merits.

Openwave lays heavy emphasis on its argument that the Federal Circuit has *never* recognized the failure of a patentee to disclose its patents to an SSO to be a basis for applying patent misuse doctrine. Openwave cites *Qualcomm Inc. v. Broadcom Corp.,* 548 F.3d 1004 (Fed. Cir. 2008) for the proposition that when faced with the question, the Federal Circuit instead found that a failure to disclose to an SSO warranted equitable remedies under the doctrines of waiver or estoppel. The *Qualcomm* court, however, was not asked to consider whether a failure to disclose to an SSO could ever constitute patent misuse, and therefore cannot be said to have held squarely that it cannot.

Nevertheless, Openwave is correct that the *Qualcomm* analysis is persuasive that patent misuse may not be the most appropriate label or framework that should be applied to an alleged breach of a duty to disclose to an SSO.

The more important teaching of *Qualcom*, however, is that the *scope* of an unenforceability remedy must be "fashioned to give a fair, just, and equitable response reflective of the offending conduct."  548 F.3d at 1026.  Notably, in reaching this conclusion, the *Qualcom* court even *analogized* to the limitations on the scope of the remedy in patent misuse cases.  *Id.*, at 1025-1026. Thus, in the event 724 were to prevail on the merits of its "failure to disclose to an SSO" defense in this action, patent misuse concepts could be at least relevant in evaluating the appropriate scope of any remedy to be imposed.  Additionally, as Openwave acknowledges, *Qualcom* makes clear that under some circumstances breach of a duty to disclose to an SSO can render patents unenforceable under the doctrines of waiver or estoppel.  *Id.* at 1020-1024.

Accordingly, again placing substance over form, the Court declines to strike from 724's pleading what is, at most, an inapt *label* placed on the facts it contends give rise to an equitable defense that the patents in-suit may be unenforceable to some degree.  The scope of any such unenforceability is a matter to be determined on a complete record of the "offending conduct" that permits a "fair, just, and equitable response" to be fashioned as contemplated in *Qualcom.*

Openwave also contends the patent misuse defense should be stricken to the extent it is based on allegations regarding its communications with customers of 724 about this litigation and its claimed patent rights.  Although 724's averments on this topic are so thin as to call into some question its ability to prove any communications rising to the level of patent misuse, this is an issue better resolved through summary judgment than at the pleading stage.

Finally, Openwave contends that as a matter of law it has not engaged in patent misuse by attempting to enforce its patents against 724.  The Patent Misuse Reform Act provides:

> No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having done one or more of the following: . . . (3) sought to enforce his patent rights against infringement or contributory infringement . . . .

35 U.S.C. § 271(d)(3).

At the hearing, 724 disclaimed any intent to base its patent misuse claims on Openwave's assertion of patent rights directly against 724, arguing that Openwave has mischaracterized the patent misuse allegations by breaking them out into three separate categories of purported wrongdoing. Even as re-alleged in the affirmative defense, there is language which appears to state that Openwave's assertion of rights against 724 is an act of patent misuse, but the Court will accept counsel's representation that 724 does not intend to pursue such a claim in this action—and will hold 724 to that representation. The motion to dismiss the counterclaim, now deemed a motion to strike the affirmative defense, is denied.

IT IS SO ORDERED.

Dated: 03/08/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE