QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Claude M. Stern (Bar No. 96737)
  Evette D. Pennypacker (Bar No. 203515)
  Matthew R. Hulse (Bar No. 209490)
  Thai Le  (Bar No. 267460)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100
Email: claudestern@quinnemanuel.com
        evettepennypacker@quinnemanuel.com
        matthulse@quinnemanuel.com
        thaile@quinnemanuel.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jesse Geraci (Bar No. 259755)
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700
Email: jessegeraci@quinnemanuel.com

*Attorneys for Defendants and Counterclaimants*
724 Solutions (US), Inc. and
724 Solutions Software Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., a Delaware corporation, and OPENWAVE SYSTEMS (ROI) LTD., its Republic of Ireland subsidiary, <br><br> *Plaintiffs*, <br><br> v. <br><br> 724 SOLUTIONS (US) INC., a Delaware corporation, and 724 SOLUTIONS SOFTWARE INC., a Delaware corporation, <br><br> *Defendants*. <br><br> AND RELATED COUNTERCLAIMS | Case No. 09-CV-03511 (RS, HRL) <br><br> **DEFENDANTS 724 SOLUTIONS (US) INC. AND 724 SOLUTIONS SOFTWARE, INC.'S NOTICE OF RENEWED MOTION AND RENEWED MOTION TO COMPEL** <br><br> Date:     August 31, 2010 <br> Time:    10:00 a.m. <br> Judge:   Hon. Howard R. Lloyd |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................................................ 2

II.   BACKGROUND ................................................................................................ 3

III.  ARGUMENT .................................................................................................... 5

    A.   Governing Law Requires that Openwave Produce the Requested Discovery. ......... 5

    B.   Openwave Must Respond to Interrogatory Nos. 2-3. ................................................. 6

    C.   Openwave Must Produce Documents. ....................................................................... 8

        1.   Openwave's inadequate document production. ............................................ 8

        2.   Openwave's refusal to produce numerous documents. ................................ 9

            (a)   Documents regarding Openwave's participation in the WAP
                Forum/OMA (Request Nos. 66-67, 69-71, 73-74, 76-77) and
                communications with third parties regarding 724 Solutions,
                its accused products, and the asserted patents (Request Nos.
                56-57, 62). ........................................................................................ 9

            (b)   Documents regarding embodying products (Request Nos. 19,
                37 & 58-60). ................................................................................... 10

            (c)   Openwave's relationship with the inventors and experts
                (Request Nos. 5 & 7). .................................................................... 11

            (d)   Documents regarding Openwave's patent practices (Request
                Nos. 64 & 65). ............................................................................... 12

            (e)   Non-privileged documents concerning Openwave's
                investigation of 724 Solutions' alleged infringement and its
                decision to file suit (Request Nos. 21, 24, 26, 40, 52, and 54) ........ 13

            (f)   Non-privileged documents related to Openwave's positions
                concerning 724 Solutions' alleged infringement (Request
                No. 53). ........................................................................................... 14

    D.   Openwave Must Supplement its Patent Local Rule Disclosures ........................... 14

        1.   Priority Dates. ............................................................................................ 14

        2.   Willful infringement allegations. ............................................................... 15

IV.   CONCLUSION ................................................................................................ 16

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992)..............................................................13

*Biogenex Labs., Inc. v. Ventana Medical Systems, Inc., No. C 05-860 JF*,
   2006 WL 2228940 (N.D. Cal. Aug. 3, 2006)............................................15

*Coleman v. Dines*,
   754 F.2d 353 (Fed. Cir. 1985).................................................................7

*Fresenius Medical Care Holding Inc. v. Baxter Intern., Inc.*,
   224 F.R.D. 644 (N.D. Cal. 2004)..............................................................6

*Great N. Corp. v. Davis Core & Pad Co.*,
   782 F.2d 159 (Fed. Cir. 1986).................................................................7

*i4i Ltd. P'ship v. Microsoft Corp.*,
   670 F. Supp. 2d 568 (E.D. Tex. 2009) (emphasis added), aff'd 598 F. 3d 831,
   (Fed. Cir. 2010) ..................................................................................12

*IXYS Corp. v. Adv. Power Tech., Inc.,No. C 02-03942 MHP*,
   2004 WL 1368860 (N.D. Cal. June 16, 2004) ...........................................6

*InterTrust Techs. Corp. v. Microsoft Corp., No. C 01-1640 SBA*,
   2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) ...........................................6

*Kowal v. MCI Commc'ns Corp.*,
   16 F.3d 1271 (D.C. Cir. 1994) ...............................................................15

*Leinoff v. Louis Milona & Sons, Inc.*,
   726 F.2d 734 (Fed. Cir. 1984)................................................................13

*Network Caching Tech., LLC v. Novell Inc.*,
   No. C-01-2079-VRW, 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002) ...................15

*Oakes v. Halvorsen Marine Ltd.*,
   179 F.R.D. 281 (C.D. Cal. 1998) ..............................................................5

*In re Seagate Technology, LLC*,
   497 F.3d 1360 (Fed. Cir. 2007)..............................................................12

DEFENDANTS' NOTICE OF RENEWED MOTION & RENEWED MOTION TO COMPEL

## Statutes

35 U.S.C. § 102(a)....................................................................................................................7

35 U.S.C. § 102(b) ................................................................................................................11

Fed. R. Civ. P. 26(b)(1)..........................................................................................................5

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 31, 2010 at 10:00 a.m., in Courtroom 2, 5th floor, before Magistrate Judge Howard R. Lloyd, located at 280 South 1st Street, San Jose, California, 95113, or as soon thereafter as counsel may be heard, Defendants and Counterclaimants 724 Solutions (US) Inc. and 724 Solutions Software Inc. (collectively "724 Solutions") will and hereby do move the Court for an order compelling Plaintiffs and Counter-Defendants Openwave Systems, Inc. and Openwave Systems (ROI) Ltd. (collectively "Openwave") to produce documents and information pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure and this Court's Patent Local Rules.

724 Solutions seeks an order compelling Openwave to (1) provide substantive responses to Interrogatory Nos. 2-3; (2) produce documents responsive to Requests for Production Nos. 5, 7, 19, 21, 24, 26, 32-33, 36-37, 40-41, 52-54, 56-60, 62, 64-67, 69-71, 73-74, and 76-77; (3) produce all responsive documents in response to requests to which it has already agreed to produce documents, nos. 2, 11, 14, 17, 22-23, 28, 30, 38-39, 48, 72, within 15 days of this Court's order on this renewed motion to compel, and (4) supplement its Patent Local Rule 3-1 disclosures to disclose fully the precise priority dates to which it believes each of the asserted claims is entitled and the basis for its allegation of willful infringement.

This motion is based on this Notice of Renewed Motion and Renewed Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Evette D. Pennypacker filed herewith, the Declaration of Christopher O. Green in Support of Motion to Compel filed by predecessor counsel on April 13, 2010 (Docket No. 156), the Court's files and records in this case, and upon such other matters as may be presented to the Court before or at the time of the hearing.

## I. INTRODUCTION

Openwave plainly views discovery in this case as a one way street, and so far, it has successfully avoided providing virtually any significant or substantive responses to 724 Solutions' legitimate and relatively routine discovery requests. To illustrate, in the one year since Openwave filed this lawsuit, *Openwave has produced a mere 410 documents totaling 14,311 pages*—a large portion of which comprises the file histories for the eight asserted patents. (Declaration of Evette D. Pennypacker ("Pennypacker Decl."), ¶ 12.)

Openwave refuses to produce sufficient documents to illustrate the operation of products it claims embody the asserted patents (even though such production is actually mandated by the Patent Local Rules), refuses to produce documents related to its involvement in the standard setting organization that governs the technology at issue in this case (even though such material is plainly relevant and despite the fact that 724 Solutions has complied with Openwave's repeated demands for more clarity regarding that defense), refuses to commit to conception and reduction to practice dates for the asserted claims, and refuses to provide even the most basic information required by the Patent Local Rules. In fact, Openwave has not even produced documents in response to the requests it agrees are relevant to the case. It is only *now*, after 12 months of litigation, that Openwave is even beginning to conduct a meaningful search for such documents, and it refuses to provide 724 Solutions with a date when Openwave will produce these documents.

In the midst of Openwave's persistent refusal to comply with even the most basic discovery requests, it bombards 724 Solutions with a never ending barrage of demands for more and more discovery. 724 Solution has produced over 2 million pages of documents, supplemented all of the interrogatory responses for which Openwave has demanded supplementation, provided Openwave with a privilege log regarding particular requested issues and agreed to provide supplemental written responses to certain of Openwave's document requests. Openwave, by contrast, has made no efforts to correct its dilatory discovery behavior. This one way discovery must stop. 724 Solutions therefore requests that the Court order Openwave to comply with its discovery obligations.

## II. BACKGROUND

**Openwave's Lawsuit.** Openwave filed this lawsuit almost exactly one year ago on July 31, 2009 alleging 724 Solutions infringes four patents in the Wireless Application Protocol ("WAP") area. (Dkt. No. 1.) By agreement of the parties, Openwave added four more patents to the case in early 2010. (Dkt. Nos. 51, 76, 78.) Openwave served its Patent L.R. 3-1 disclosures on January 22, 2010, alleging that four 724 Solutions products infringed some *200 claims* in the asserted patents. (Pennypacker Decl. ¶ 6.) 724 Solutions requested that Openwave narrow the number of asserted claims to allow for the efficient defense, prosecution and trial of the case for the parties and the Court, but Openwave refused. (*Id.*)

**724 Solutions' Discovery Responses**. The breadth of Openwave's case against 724 Solutions is such that 724 Solutions has had to engage in massive document collection and production as well as substantial efforts to gather information to respond to Openwave's written discovery and infringement allegations. To date, 724 Solutions has produced over 2 million pages of documents, responded to 16 interrogatories propounded by Openwave, supplemented 11 of those 16 interrogatories after meet and confer, and produced a privilege log detailing communications between 724 Solutions and the company that acquired it, Mobixell, at Openwave's request. (Pennypacker Decl. ¶ 13.)

**724 Solutions' Original Motion to Compel.** In contrast to the massive discovery 724 Solutions has provided, Openwave has sought to avoid producing essentially any information to 724 Solutions at all. On December 4, 2009, 724 Solutions served its First Set of Interrogatories (containing four (4) interrogatories) and its First Requests for Production of Documents and Things (containing seventy-eight (78) requests) on Openwave. Over sixty (60) days later, on February 5, 2010, Openwave served responses to 724 Solutions' discovery requests. In its responses, Openwave refused to offer any substantive answers to any interrogatory, variously claiming the interrogatories are "premature" and/or "irrelevant." (*See* Pennypacker Decl., Exs. A & B.) Similarly, in its responses to 724 Solutions' document requests, Openwave refused to produce documents in response to forty-five (45) of the seventy-eight (78) requests. (*Id.* at Ex. B.) With respect to the majority of 724 Solutions' requests, Openwave flatly refused ever to produce

any responsive documents. (*Id.* at Req. Nos. 2, 3, 5, 7, 11, 17, 21-26, 28-29, 32-33, 35-37, 40, 41, 50, 52-54, 58-60, 62, 64-67 and 69-78.)  For other requests, Openwave indefinitely deferred its responses, stating it would "meet and confer with 724 Solutions in a good faith attempt to narrow the scope of discovery." (*Id.* at Req. Nos. 1, 56-57, 68.)

For still other requests, Openwave contended that its Local Patent Rule obligations excused it from producing documents and/or that it need not produce relevant evidence until 724 Solutions details its invalidity defenses. (*Id.* at Req. Nos. 19, 30-31.)  Extensive meet and confer then ensued in an attempt to remedy Openwave's obviously inadequate discovery responses, as is evidenced by the correspondence between Openwave and predecessor counsel.  (*See* Declaration of Christopher O. Green, Dkt. No. 156 ("Green Decl.") at Exs. C, D, G, F, G.)

Openwave also failed to comply with its Local Patent Rule obligations.  As 724 Solutions first explained to Openwave in February, its disclosures failed to provide definite statements regarding the patents-in-suit's alleged priority dates, as Patent L.R. 3-1(f) requires (Green Decl., Ex. C) and failed to describe adequately the basis for Openwave's assertion of willful infringement, as Patent L.R. 3-1(h) requires. (Green Decl., Ex. L at 6.) The parties conferred regarding these matters, but Openwave still refused to supplement its disclosures. (Green Decl., Ex. C, D.)  Thus, on April 13, 2010, 724 Solutions filed a motion to compel addressing these issues.

**Openwave's DQ Motion.**  In the midst of all of these discovery battles, Openwave filed a motion to disqualify 724 Solutions' prior counsel of record in this action, Fish & Richardson LLP. (Dkt. No. 89.)  Judge Seeborg granted that motion by order dated April 22, 2010.  (Dkt. No. 167.) From April 22, 2010 through May 21, 2010, 724 Solutions was actively seeking new counsel to represent it in this matter and was unrepresented.  (Pennypacker Decl., ¶ 2.)  In addition, as a result of the disqualification, all pending motions were taken off calendar.  (Dkt. No. 167.)  Thus, 724 Solutions' original motion to compel was never fully briefed or heard by the Court.

**724 Solutions' Attempt to Resolve the Current Motion.**  After joining the case, 724 Solutions' new counsel almost immediately engaged in a conference with Openwave's counsel on May 28, 2010.  In that conference, Openwave provided information regarding each of the pending

motions, and agreed to provide substantial amounts of the information sought by 724 Solutions'
pending motion. (Pennypacker Decl. ¶ 7.) The parties subsequently conferred regarding the
issues raised in 724 Solutions' original motion by email and telephone on a number of occasions.
(*Id.* at ¶ 8.) 724 Solutions even provided redlined narrowed requests for certain documents
requests that Openwave complained were too broadly worded. (*Id.* at ¶ 9.) Based on these
conversations and exchanges, 724 Solutions was under the impression that Openwave was now
going to comply with its discovery obligations and provide meaningful answers to 724 Solutions'
interrogatories and make a substantial document production. (*Id.*)

However, after receiving Openwave's supplemental interrogatory responses and written
responses to document requests and requesting (and being refused) a date certain upon which 724
Solutions could expect to receive a significant document production from Openwave, it became
clear that Openwave simply does not intend to provide 724 Solutions with meaningful discovery
in this case. Thus, despite 724 Solutions' best efforts to resolve these issues, this renewed motion
followed.

### III. ARGUMENT

#### A. Governing Law Requires that Openwave Produce the Requested Discovery.

The Federal Rules of Civil Procedure encourage a liberal scope of factual discovery. Each
party has the ***right*** to discovery of "any nonprivileged matter that is relevant to any party's claim
or defense." Fed. R. Civ. P. 26(b)(1). Relevant information may be discoverable if it "appears
***reasonably calculated to lead*** to the discovery of admissible evidence." *Id.* (emphasis added).
"The party who resists discovery has the burden to show that discovery should not be allowed, and
has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen
Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Likewise, this Court's Patent Local Rules are intended to foster, rather than inhibit,
efficient disclosure of relevant evidence. Specifically, Patent L.R. 2-5 confirms that the Patent
Local Rules do not trump or otherwise render moot a parties' discovery obligations under the
federal rules. As Judge Patel has explained, "The Local [Patent] Rules exist to further the goal of
full, timely discovery and provide all parties with adequate notice and information with which to

litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *IXYS Corp. v. Adv. Power Tech., Inc.,* No. C 02-03942 MHP, 2004 WL 1368860, *3 (N.D. Cal. June 16, 2004). The rules "are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *InterTrust Techs. Corp. v. Microsoft Corp.,* No. C 01-1640 SBA, 2003 WL 23120174, *2 (N.D. Cal. Dec. 1, 2003).

### B. Openwave Must Respond to Interrogatory Nos. 2-3.

Interrogatory Nos. 2 and 3 seek the dates on which Openwave contends the claimed inventions were conceived and reduced to practice, the documents supporting those contentions, and the name and contact information of individuals who have knowledge of the conception and reduction to practice. (Pennypacker Decl., Ex. A.) Openwave first refused outright to respond to these Interrogatories, claiming they were "premature contention interrogator[ies]." (*Id.*) After meeting and conferring with 724 Solutions' current counsel, Openwave agreed to supplement its responses to these interrogatories. (*Id.*, ¶ 10.) However, in its supplemental responses, Openwave does not commit to a date certain for either the conception or reduction to practice of the asserted claims. (*Id.* at Ex. H.) Instead, Openwave qualifies its answer for all but one of the asserted patents with the language "possibly earlier." (*Id.*) Openwave also fails to identify *any* documents or individuals with knowledge as further requested by these interrogatories.

In meet and confer, Openwave refused to further supplement these requests, arguing that depositions have not taken place and discovery is still ongoing, thus it may need to change its responses to these interrogatories later. (Pennypacker Decl., ¶ 10.) This argument ignores that it is Openwave that is in possession of the documents, including lab notebooks, invention disclosures, emails, drawings, schematics, and correspondence with patent counsel – even many of the named inventors that are necessary to make the determination as to conception and reduction to practice dates. These are Openwave's patents, it knows the answers to these questions, and it is obligated to provide those answers. This Court has previously held that a plaintiff must provide answers to just these types of interrogatories. In *Fresenius Medical Care Holding Inc. v. Baxter Intern., Inc.*, the plaintiff attempted to avoid answering an interrogatory relating to the conception

1 and reduction to practice of each asserted patent claim. 224 F.R.D. 644, 650 (N.D.Cal. 2004).

2 The Court found, however, that the discovery was timely and that the plaintiff, who had access to

3 the inventors, was required to answer the interrogatory. *Id.*

4       Openwave does not dispute that the answers are relevant and should be produced to 724

5 Solutions. Nor could it. The patent statute only allows patents to be awarded to the first person to

6 invent a claimed invention. 35 U.S.C. § 102(a). To determine whether Openwave was indeed

7 first to invent the claimed inventions, the fact-finder must know the dates on which Openwave

8 claims to have invented the claimed inventions. *See Great N. Corp. v. Davis Core & Pad Co.*, 782

9 F.2d 159, 165 (Fed. Cir. 1986) (holding that there is no actual reduction to practice until an

10 invention is "sufficiently tested to demonstrate that it would work for its intended purpose");

11 *Coleman v. Dines,* 754 F.2d 353, 359 (Fed. Cir. 1985) (defining "conception" as "the formation, in

12 the mind of the inventor of a definite and permanent idea of the complete and operative invention,

13 as it is thereafter to be applied in practice") (emphasis omitted). Thus, 724 Solutions is entitled to

14 know Openwave's position – without lawyer hedging – regarding the conception and reduction

15 practice dates for the asserted claims.[1] *Baxter Intern.,* 224 F.R.D. at 650.

16

17

18

---

19     [1] Further frustrating 724 Solutions' efforts to obtain substantive responses to
20 Interrogatories Nos. 2 and 3 is Openwave's refusal to provide information concerning U.S. Patent
No. 5,809,415 ("the '415 patent). The '415 patent, filed Dec. 11, 1995, is the "parent" of four of
21 the asserted patents. Openwave alleged in its Patent L.R. 3-1 disclosures that those four patents-
in-suit have a priority date of "at least as early as December 11, 1995." (Pennypacker Decl., Ex.
22 C.)That is, Openwave intends to rely on the '415 patent's filing date and specification content to
establish an earlier priority date than the four asserted child patents' own respective filing dates.
23 The '415 patent is thus inextricably linked to four asserted patents, but Openwave refused to
produce *any* information concerning the '415 patent:
24

25         Openwave objects to the definition of "Openwave Patents" as
        overlybroad and unduly burdensome to the extent it includes U.S.
26         Patent No. 5,809,415, which is not a patent-in-suit.

27 (*Id.*, Ex. A (Gen. Obj. No. 9), Openwave Resps. to First 724 Solutions First Set of Interrogatories.)
Openwave can not rely on the '415 patent's parental relationship to the asserted patents where
28 convenient, while simultaneously refusing all discovery pertaining to it.

**C.** **Openwave Must Produce Documents.**

    1.   <u>Openwave's inadequate document production.</u>

After a year of litigation, prior to today Openwave had produced just 410 documents totaling 14,311 pages.[2] (Pennypacker Decl., ¶ 12.) A large part of this production consisted of voluminous file histories for the eight patents-in-suit, and very few documents were responsive to 724 Solutions' document requests. (*Id.*) Openwave will argue to this Court that it could not have produced more documents sooner because the parties were still negotiating a list of search terms for Openwave to use in order to conduct electronic searches when Judge Seeborg issued an order disqualifying 724 Solutions' prior counsel. However, this is no excuse for failing to even begin searching for and collecting documents until 724 Solutions engaged new counsel.

Openwave is the *plaintiff* here; it was in a position to collect and produce documents relevant to this action even before it filed this lawsuit and certainly could have been collecting and producing documents since 724 Solutions first served its discovery requests in *December* of last year. Indeed, Openwave identified the products it believes embody the patents in suit in *January* and learned that 724 Solutions intended to assert a standard setting defense with respect to at least four of the eight asserted patents based on Openwave's involvement in the WAP Forum when 724 Solutions filed its answer and counterclaims in *November* of last year. Yet, it is only this month – one year after it filed this lawsuit – that Openwave has even *begun* to make any significant search for documents, let alone make any significant production (which it still has not done). 724 Solutions asked for a date certain upon which it could expect to receive Openwave's production. (Pennypacker Decl. ¶ 8, Ex. D at p.4.) Openwave has refused to provide any such date. (*Id.*) Given all the time that has passed, Openwave should be ordered to produce all documents in

---

[2] This afternoon, July 30, 2010, Openwave sent a letter indicating that it is producing an additional 23,275 pages. (Pennypacker Decl., ¶ 12, Ex. J.) This is still a far cry from the sort of response Openwave, who claims to have authored the standards governing the technology the asserted patents relate to, should be making in this case. Moreover, Openwave refuses to commit to a date when its production made in response to 724 Solutions' First Set of Document Requests (which were served in December of *last* year) will be completed. (*Id.* at ¶ 8.) Thus, this late eleventh hour production does little to remedy the ongoing avoidance of discovery obligaitons that Openwave has engaged in.

response to 724 Solutions' First Set of Document Requests within 15 days of the Court's order on this motion.

### 2. Openwave's refusal to produce numerous documents.

In addition, there are a number of categories of documents for which Openwave still refuses to produce documents at all. Each is discussed, in turn, below.

> (a) Documents regarding Openwave's participation in the WAP Forum/OMA (Request Nos. 66-67, 69-71, 73-74, 76-77) and communications with third parties regarding 724 Solutions, its accused products, and the asserted patents (Request Nos. 56-57, 62).

724 Solutions requests that Openwave produce all documents related to (i) the WAP Forum and/or Open Mobile Alliance ("OMA"), (ii) two of the WAP Forum's founders (Alain Rossman and Chuck Parrish), (iii) the details and extent of Openwave's participation in the WAP Forum/OMA, (iv) the development of the WAP standards that have emerged from the WAP Forum/OMA, (v) Openwave's participation in other standards setting organizations ("SSOs"), and (vi) Openwave's disclosure/non-disclosure of patents to SSOs. (Pennypacker Decl., Ex. B at 31-37.) Openwave refuses. (*Id.*) 724 Solutions also requests that Openwave produce all communications with third parties (and documents related to those communications) concerning 724 Solutions, the accused products, and the asserted patents. (*Id.* at 27, 30.) Openwave objected to these requests, refused to produce documents responsive to one of the requests (Request No. 62) and indicated that it would meet and confer regarding the remaining requests (Request Nos. 56-57). (*Id.* at 27-28, 30.) To date, despite discovery conferences with prior counsel and additional discussions with current counsel, Openwave has not produced any of these documents.

Openwave claimed in conferences with the undersigned that it was not obligated to produce this material because 724 Solutions had not adequately responded to Openwave's interrogatories seeking information about 724 Solutions' equitable estoppel defense. (Pennypacker Decl. ¶ 9.) In the spirit of compromise, 724 Solutions promptly supplemented those interrogatory responses, within 2 weeks of Openwave's request. (*Id.*) 724 Solutions also (at Openwave's request) worked to narrow some of the requests directed to this topic and provided

Openwave with redlined versions of these (and other) requests.  (*Id.*)  Nevertheless, Openwave has not agreed to produce these documents.  (*Id.*)

Documents responsive to all of these requests bear directly on 724 Solutions' patent misuse and equitable estoppel defenses. Specifically, 724 Solutions contends that the asserted patents are unenforceable because Openwave failed to disclose them to the WAP Forum/OMA, despite a duty to do so. Additionally, the patents are unenforceable because Openwave impermissibly made threats and misleading representations to certain third parties, including 724 Solutions' current and prospective customers. As Judge Seeborg recognized in his Order denying Openwave's Motion to Dismiss these defenses, the Federal Circuit has held patents unenforceable where a patentee breached its duty to disclose patents to an SSO, like the WAP Forum/OMA. (D119 at 3 (citing *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008)) ("[U]nder some circumstances breach of a duty to disclose to an SSO can render patents unenforceable . . . ").) Judge Seeborg also sustained the same defenses based on 724 Solutions' allegations regarding Openwave's "communications with customers of 724 about this litigation and its claimed patent rights." (*Id.*) Accordingly the documents sought are directly relevant to 724 Solutions' affirmative defenses, and Openwave must produce them.

(b)    Documents regarding embodying products (Request Nos. 19, 37 & 58-60).

724 Solutions seeks documents detailing the operation of Openwave products that Openwave believes practice the claimed inventions, including documents detailing the development of those products (Request No. 19), documents regarding marking of those products with the numbers of the patents-in-suit (Request No. 37), the products' source code (Request No. 58), the products' user manuals (Request No. 59), and other documents detailing the operation of the embodying products (Request No. 60). (Pennypacker Decl., Ex. B at 10-11, 19, 28-29.)

Openwave's Patent L.R. 3-1(g) disclosures confirm that it intends to rely on an assertion that multiple versions of multiple products embody the approximately two hundred (200) asserted claims. (Pennypacker Decl., Ex. C.)  Patent L.R. 3-1(g) requires Openwave to identify embodying products if it intends to rely upon them for "any purpose." *See* Patent L.R. 3-1(g).  Patent Local

Rule 3-2(e) implicitly recognizes that these documents are relevant to, for example, the accused infringers' analysis of the claims and development of non-infringement defenses, since it requires the patent plaintiff to produce "documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims." Patent L.R. 3-2(e).

The evidence 724 Solutions seeks also goes to secondary considerations of non-obviousness and invalidity under the on-sale bar of 35 U.S.C. § 102(b) and are relevant to ascertaining the scope of the patents' claims and the veracity of any purported invention dates. In fact, Openwave does not dispute the relevance of these documents. Instead, Openwave asserts that it has fulfilled its Patent Local Rule and discovery obligations because it produced some top level, customer facing manuals with its infringement contentions. (Pennypacker Decl., ¶ 9.) This is insufficient.

That Openwave has produced some documents it deems "sufficient to show" support for its own assertions (*i.e.*, documents it deems favorable to its case) in no way excuses it from providing full responses to 724 Solutions' discovery requests. Moreover, analysis of the documents Openwave has produced reveals that they lack the level of detail that appears to be disclosed in the asserted claims. As shown in the redlined document requests 724 Solutions provided to Openwave (Pennypacker Decl., Ex. E at pp. 9-11), 724 Solutions does *not* seek every document in Openwave's possession, custody or control about every product identified in Openwave's Patent Local Rule disclosures. But 724 Solutions does seek documents ***sufficient to show*** the operation of these products to the same level of detail disclosed in the asserted claims. Thus, specifications, schematics and source code must be produced.

(c)    Openwave's relationship with the inventors and experts (Request Nos. 5 & 7).

724 Solutions seeks production of agreements between Openwave and any of the named inventors, including any documents relating to their retention as a consultant in connection with lawsuits (Req. No. 5). (Pennypacker Decl., Ex. B at 4.) 724 Solutions also seeks documents

related to any financial interest Openwave's consultants and experts have in Openwave (Req. No. 7). (*Id.* at 5.) Openwave refuses to produce any of these documents. (*Id.* at 4-5.)

724 Solutions is entitled to these documents because the named inventors of the asserted patents may be witnesses testifying regarding facts material to the claims and defenses in this action, including the dates of invention and the meaning of the patents' claim terms to one of ordinary skill and the art. Indeed, Openwave listed the inventors in its Initial Disclosures as persons with knowledge relevant to the case. (Pennypacker Decl., Ex. C at 1-4.) Likewise, Openwave's experts may provide crucial testimony regarding claim construction, infringement, invalidity and/or alleged damages.

Therefore, 724 Solutions is entitled to discover the existence and terms (e.g., financial interests) surrounding any agreements involving the named inventors and experts with respect to their participation in this action. Any of their financial interests are admissible for the purposes of proving the inventors' credibility, bias, and/or prejudice as witnesses. In fact, the Federal Rules of Evidence deem these purposes so important that even evidence of settlement and liability insurance is admissible to show bias and/or prejudice. Fed. R. Evid. 408, 411.

        (d)     Documents regarding Openwave's patent practices (Request Nos. 64 & 65).

724 Solutions requests that Openwave produce documents regarding its internal policies and conduct regarding the avoidance of potential patent infringement, and Openwave refuses. (*Id.* at 30-31.)

724 Solutions is entitled to these documents because they are relevant to Openwave's allegation that 724 Solutions' alleged infringement is "willful." To prevail on a willful infringement claim, a patentee must show that an accused infringer acted with both objective and subjective recklessness. *In re Seagate Technology, LLC*, 497 F.3d 1360, 1384 (Fed. Cir. 2007) (en banc). To prove objective recklessness, the patentee must first show by clear and convincing evidence that the accused infringer "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* at 1371. Thus, with respect to objective recklessness, "the correct analysis focuses on whether, given the facts and circumstances prior to

[the accused infringer's] actions, **_a reasonable person_** would have appreciated a high likelihood that acting would infringe a valid patent." *i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 582 (E.D. Tex. 2009) (emphasis added), aff'd 598 F. 3d 831, (Fed. Cir. 2010). Consequently, evidence of how a similarly situated company in 724 Solutions' industry—i.e., Openwave— conducts itself in order to avoid patent infringement can be highly probative of the objective reasonableness of 724 Solutions' alleged actions.

> (e) Non-privileged documents concerning Openwave's investigation of 724 Solutions' alleged infringement and its decision to file suit (Request Nos. 21, 24, 26, 40, 52, and 54).

Request Nos. 21, 40, and 54 seek documents related to Openwave's knowledge of 724 Solutions' alleged infringement and its investigation of the accused products. (Pennypacker Decl., Ex.B at 12, 20, 27.) Similarly, Request No. 24 seeks documents Openwave relied upon at the time of filing its complaint. (*Id.* at 13.) Request Nos. 26 and 52 seek documents concerning the decision to file suit and its timing. (*Id.* at 14, 26.) Openwave refuses to produce documents responsive to any of these requests. (*Id.*) Among its objections, Openwave claims it finds the phrase "relied upon by Openwave at the time of filing" to be "vague and ambiguous." (*Id.*)

724 Solutions is entitled to non-privileged documents relating to Openwave's studies of 724 Solutions' accused products. Although certain documents concerning infringement investigations might be protected by the attorney-client or attorney work product privileges, documents and things reviewed for Rule 11 purposes are not, and cannot be, protected from disclosure by the attorney-client privilege or the work product doctrine.

Likewise, non-privileged documents regarding Openwave's decision to file suit and the timing of that decision bear directly on at least 724 Solutions' laches defense. (D97 at 7.) *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1039 (Fed. Cir. 1992) (presumption of laches shifts burden to non-movant to produce evidence rebutting laches); *Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 741 (Fed. Cir. 1984) (overruled on other grounds by *A.C.Aukerman Co.*, 960 F.2d at 1038-39) (holding that delay of six years or more raises a presumption of laches).

      (f)     Non-privileged documents related to Openwave's positions concerning 724 Solutions' alleged infringement (Request No. 53).

724 Solutions also seeks non-privileged documents concerning why Openwave chose to assert certain patents, but not others (namely U.S. Patent No. 5,809,415 ("the '415 Patent")) (Request No. 53). (Pennypacker Decl., Ex. B at 26.) Openwave refuses to produce any documents in response to this request. (*Id.*) This information is related to, for example, the scope of the asserted claims and Openwave's decision to disclose this patent to the WAP Forum/OMA and not to disclose any of the asserted patents in this case, and it should be produced.

**D.**    **Openwave Must Supplement its Patent Local Rule Disclosures**

Openwave has not complied with the Court's Patent Local Rule 3-1 disclosure requirements. Specifically, Openwave has failed in at least two respects: (1) Openwave refuses to specify the priority date to which it alleges each asserted claim is entitled (Patent L.R. 3-1(f)); and (2) Openwave refuses to provide the basis for its willful infringement claims (Patent L.R. 3-1(h)).

     1.    Priority Dates.

Patent Local Rule 3-1(f) requires the patentee to specify "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." *Id.* Instead of providing the specificity the rules require, Openwave instead will state only that the patents are entitled to "***at least a priority date of***" a variety of dates. (Pennypacker Decl., Ex. C at 5-6 (emphasis added).)

Openwave's disclosure is deficient. The disclosure fails to identify the actual priority dates Openwave believes each claim is entitled to, instead leaving 724 Solutions to guess. Openwave's failure to adequately make these disclosures is exacerbated by the fact that it refuses to commit to conception and reduction to practice dates for all but one of the asserted patents in response to Interrogatory Nos. 2 and 3, as described above.

Openwave's motivation in failing to commit to priority or invention dates is transparent: obfuscating its contentions so as to prejudice 724 Solutions' prior art search. Without providing specificity in its disclosures, Openwave believes that once it learns the earliest date of the prior art references cited in 724 Solutions' invalidity contentions, it can suddenly assert priority dates that

pre-date those references. Because Openwave refuses to provide specificity, 724 Solutions cannot know the date range of prior art references it must identify, significantly multiplying its prior art research costs. Indeed, since the filing of the original motion on this topic, 724 Solutions has served its invalidity contentions, making it all the more likely that Openwave will change its position with respect to invention and priority dates. This is precisely the sort of "shifting sands" approach to patent litigation that this Court's Patent Local Rules were designed to forbid. *Biogenex Labs., Inc. v. Ventana Medical Systems, Inc.*, No. C 05-860 JF, 2006 WL 2228940, at *3 (N.D. Cal. Aug. 3, 2006). Openwave should be ordered to commit to these dates.

### 2. Willful infringement allegations.

Patent Local Rule 3-1(h) requires "a party claiming . . . willful infringement" to disclose "the basis for such allegation." Instead of disclosing its "basis" for alleging willful infringement, Openwave merely re-states, in conclusory fashion, the legal elements of a willful infringement allegation:

> On information and belief, 724 Solutions has willfully infringed the patents-in-suit by continuing to make and sell the Accused Instrumentalities and practice the methods of the patents-in-suit despite 724 Solutions' knowledge, as early as 2004, of an objectively high likelihood that its actions constitute infringement of the of the patents-in-suit.

(Pennypacker Decl., Ex. C at 6). Notably, Openwave caveats its minimal disclosure with the modifier, "[o]n information and belief." Yet, Openwave does not reveal a single, specific fact on which it bases its allegation. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) ("[P]leadings on information and belief require an allegation that the necessary information lies within the defendant's control, and . . . such allegations must also be accompanied by a statement of the facts upon which the allegations are based.").

Openwave's disclosure is not sufficient under the Patent Local Rules; indeed, it suggests Openwave lacks even a good faith basis, sufficient to pass muster under Rule 11, to have asserted willful infringement in the first place. With respect to Patent Local Rule 3-1 disclosures, this Court has explained that a plaintiff must provide at least the facts discovered during its prefiling investigation. *Network Caching Tech., LLC v. Novell Inc.*, No. C-01-2079-VRW, 2002 WL 32126128, *4 (N.D. Cal. Aug. 13, 2002) (holding "[the plaintiff] must provide in its [disclosures]

1  the relevant facts it obtained in its prefiling inquiry" and "the standard of FRCP 11 prefiling

2  inquiry establishes a minimum level of detail that Patent LR 3-1 requires"). Thus, Openwave must

3  either (a) reveal the facts in its possession that justify its assertion of willful infringement, or (b)

4  concede that it never possessed a Rule 11 basis for alleging willful infringement and dismiss the

5  willfulness claim.

## IV.    CONCLUSION

For all the foregoing reasons, this Court should order Openwave to (1) provide substantive responses to Interrogatory Nos. 2-3; (2) produce documents responsive to Requests for Production Nos. 5, 7, 19, 21, 24, 26, 32-33, 36-37, 40-41, 52-54, 56-60, 62, 64-67, 69-71, 73-74, and 76-77; (3) produce all responsive documents in response to requests to which it has already agreed to produce documents, nos. 2, 11, 14, 17, 22-23, 28, 30, 38-39, 48, 72, within 15 days of this Court's order on this renewed motion to compel, and (4) supplement its Patent Local Rule 3-1 disclosures to disclose fully the precise priority dates to which it believes each of the asserted claims is entitled and the basis for its allegation of willful infringement.

DATED:  July 30, 2010                     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Evette D. Pennypacker*
    Evette D. Pennypacker
    *Attorneys for Defendants and Counterclaimants*
    724 Solutions (US) Inc. and 724 Solutions
    Software Inc.