1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Claude M. Stern (Bar No. 96737)
2      Evette D. Pennypacker (Bar No. 203515)
       Matthew R. Hulse (Bar No. 209490)
3      Cheryl A. Galvin (Bar No. 252262)
       Thai Le  (Bar No. 267460)
4   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California  94065
5   Telephone:     (650) 801-5000
    Facsimile:     (650) 801-5100
6   Email: claudestern@quinnemanuel.com
            evettepennypacker@quinnemanuel.com
7           matthulse@quinnemanuel.com
            cherylgalvin@quinnemanuel.com
8           thaile@quinnemanuel.com

9   QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Jesse Geraci (Bar No. 259755)
10  50 California Street, 22nd Floor
    San Francisco, California  94111
11  Telephone:     (415) 875-6600
    Facsimile:     (415) 875-6700
12  Email: jessegeraci@quinnemanuel.com

13  *Attorneys for Defendants and Counterclaimants*
    724 Solutions (US), Inc. and
14  724 Solutions Software Inc.

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                        SAN JOSE DIVISION

18

19
    OPENWAVE SYSTEMS, INC.,            Case No. 09-CV-03511 (RS, HRL)
20  a Delaware corporation, and
    OPENWAVE SYSTEMS (ROI) LTD., its   **DEFENDANTS 724 SOLUTIONS (US)**
21  Republic of Ireland subsidiary,     **INC. AND 724 SOLUTIONS SOFTWARE,**
                                        **INC.'S OPPOSITION TO OPENWAVE**
22               *Plaintiffs*,          **SYSTEMS, INC.'S MOTION FOR**
                                        **ADMINISTRATIVE RELIEF TO FILE**
23             v.                       **SUPPLEMENTAL BRIEF REGARDING**
                                        **OPENWAVE'S MOTION TO COMPEL**
24  724 SOLUTIONS (US) INC., a Delaware
    corporation, and 724 SOLUTIONS
25  SOFTWARE INC., a Delaware corporation,   Date:    August 17, 2010
                                             Time:    10:00 a.m.
26               *Defendants*.               Judge:   Hon. Howard R. Lloyd

27  AND RELATED COUNTERCLAIMS

28

## I.     INTRODUCTION

Openwave Systems, Inc. and Openwave Systems (ROI) Ltd.'s (together, "Openwave") request to file a supplemental brief on its re-noticed motion to compel should be denied.  Far from being an "update" to the Court "on developments with respect to" Openwave's original motion to compel, the supplemental brief Openwave seeks to file concerns a new issue that was not previously briefed by either party or adequately addressed in meet in confer.  (Openwave's Motion for Administrative Relief ("Openwave Motion"), at 1.)  As a result, it was improper for Openwave to simply re-notice its previously pending motion at all.  Instead, Openwave should have engaged in meaningful meet and confer with 724 Solutions (US) Inc. and 724 Solutions Software Inc. (together, "724 Solutions") and third party Mobixell Networks, Inc. ("Mobixell")  on the new information they provided, then filed a motion on any issues the parties were unable resolve in that process.  Openwave seeks to circumvent this standard procedure by re-noticing a motion for hearing that fails to address the parties' current positions and file a "supplemental" brief in an attempt to fill the gaps.  The Court should deny Openwave's motion and either (1) order Openwave to meet and confer with 724 Solutions and Mobixell on the privilege log they provided and to file a motion on issues the parties are unable to resolve, or (2) allow 724 Solutions and Mobixell to file a supplemental brief by August 17 and re-set Openwave's re-noticed motion for August 31, 2010, or at the Court's convenience after August 31.

## II.     BACKGROUND

**Openwave's Original Motion to Compel.**  On March 16, 2010, Openwave filed a Motion seeking an order compelling Mobixell and 724 Solutions to produce documents relating to Mobixell's acquisition of 724 Solutions, or, in the alternative, to produce a privilege log explaining the privilege grounds on which such documents had been withheld.  (Dkt. 129.)   724 Solutions filed its opposition to that motion on March 30, 2010.  (Dkt. 142.)

**Openwave's Motion to Disqualify 724 Solutions' Counsel.**  Before it filed the above-described motion to compel, Openwave filed a motion to disqualify 724 Solutions' prior counsel of record in this action, Fish & Richardson LLP.  (Dkt. No. 89.)  Judge Seeborg granted that

1    motion by order dated April 22, 2010.  (Dkt. No. 167.)  From April 22, 2010 through May 21,

2    2010, 724 Solutions was actively seeking new counsel to represent it in this matter and was

3    unrepresented.  (Declaration of Evette D. Pennypacker, ("Pennypacker Decl."),  ¶ 2.)  In addition,

4    as a result of the disqualification, all pending motions, including Openwave's motion to compel

5    documents and/or a privilege log from 724 Solutions and Mobixell, were taken off calendar.  (Dkt.

6    No. 167.)  Thus, Openwave's motion was not heard by the Court.

7        **<u>Subsequent Meet and Confer on Openwave's Motion.</u>**  Quinn Emanuel substituted as

8    counsel of record for 724 Solutions on May 21, 2010.  (Dkt. 181.)  On May 28, 2010, the parties

9    met and conferred on all pending motions, including the one at issue here.  (Pennypacker Decl., ¶

10   4.)  In that call, new counsel agreed to provide Openwave with a privilege log.  (*Id.*)  The parties

11   had additional discussions and correspondence regarding the scope and content of that privilege

12   log, and  724 Solutions produced it to Openwave on July 17, 2010.  (*Id.*)

13       Openwave requested a list of attorneys referenced in the privilege log, which list 724

14   Solutions provided on July 22, 2010.  (Pennypacker Decl., ¶ 5.)  On July 19, 2010, Openwave

15   requested that the parties exchange supplemental briefs regarding Openwave's motion to compel.

16   (Pennypacker Decl., ¶ 6.)  Openwave did not comment on the substance or content of the privilege

17   log or other information 724 Solutions provided with that request.  (*Id.*)  724 Solutions sought to

18   meet and confer with Openwave regarding the privilege log, but Openwave refused to participate

19   in any meaningful dialogue about the issue, instead insisting that its original motion be put back

20   on calendar.  (*Id*. at Ex. A.)

21       724 Solutions suggested that, if the parties proceeded with Openwave's suggested

22   schedule, it would be efficient for the parties and the Court to have 724 Solutions' motion to

23   compel scheduled together with Openwave's motion.  (Pennypacker Decl., ¶¶ 7-8.)  Openwave

24   would not agree to have the motions briefed or heard together and insisted that 724 Solutions re-

25   file entirely its motion while Openwave be allowed to simply supplement and re-notice its pending

26   motion.  (*Id.* at ¶¶ 7-9.)  Openwave's Motion followed.

27

28

## III.    ARGUMENT

### A.    Openwave Should Not Be Permitted To File A Supplemental Brief About A New Issue.

The sole purpose of Openwave's "supplemental brief" is to allow Openwave to have ten pages to discuss a new issue that was not previously briefed by the parties. Openwave's brief does not "supplement" its original motion to compel; it seeks to bring a new motion altogether – regarding the adequacy of the privilege log. This is improper.

Openwave admits (as it must) that its original motion to compel asked 724 Solutions and Mobixell to produce a privilege log. (Openwave's Motion, p. 2.) Openwave also admits that the requested privilege log was provided, "so that issue need not be considered by the Court." (*Id*.) Thus, necessarily, the adequacy of a privilege log was not briefed by either party in Openwave's original motion – the production of a privilege log was part of the relief sought in the motion Openwave brought. Thus, Openwave's claim that 724 Solutions and Mobixell will not be prejudiced by Openwave's supplemental brief is wrong.

While Openwave's representation that 724 Solutions "has already submitted an opposition brief which addresses all of the issues in Openwave's Motion" may be accurate, it simply defies logic to claim that 724 Solutions' April 6, 2010 opposition brief could have addressed any issues about a privilege log that did not exist until July 17, 2010. (Openwave Motion, p. 2.) As Openwave admits, its supplemental brief "contains arguments directed *solely* to the privilege log that . . . .[was] served *after all prior briefing on the Motion was completed*." (Openwave Motion, p. 2) (emphasis added.) It is further impossible to imagine how 724 Solutions could have briefed, on April 6, 2010, anything relating to Openwave's concerns about the log, as those concerns were unarticulated to 724 Solutions until Openwave's July 28, 2010 motion. (Pennypacker Decl, ¶ 9.) As such, it would be highly prejudicial to 724 Solutions for Openwave to be permitted to file its supplemental brief – particularly since Openwave refused to engage in meaningful meet and confer regarding the privilege log. (*Id*. at ¶ 6.) Openwave should be required to conform to the standard briefing rules of this Court and (1) meaningfully meet and confer with 724 Solutions and

Mobixell regarding the privilege log and (2) file a new motion relating to any issues the parties are unable to resolve in that process.

### B.      If Openwave Is Permitted To File Its Supplemental Brief, 724 Solutions Should Be Given A Meaningful Opportunity To Respond.

Although 724 Solutions believes that it is improper for Openwave to be permitted to submit briefing on a new issue under the guise of "supplementing" a prior motion that never did (or could have) addressed the privilege log 724 Solutions produced on July 17, if the Court does grant Openwave's motion to file its supplemental brief, 724 Solutions requests that it be given a meaningful opportunity to respond to that brief.  Specifically, 724 Solutions proposes that it be permitted to file its own supplemental brief on August 17, 2010.  As this is not a standard motion, there should be no opportunity for a reply brief.  The issue could then be heard on August 31, 2010, along with the motion to compel that was filed by 724 Solutions on July 30, 2010.  (Dkt. 202.)  Because there is currently no trial date and no deadline for the close of discovery, moving the hearing date two weeks from Openwave's original notice would not be prejudicial or cause undue delay.  Instead, this schedule would allow for a meaningful opportunity for both parties to be heard, as well as an efficient and expeditious resolution of these issues.

Openwave's Opposition to Motion to Shorten Time, responding to 724 Solutions' proposed schedule for its Motion to Compel, offers no reasons to deviate from this schedule. Although Openwave opposes the proposed opposition date of August 10, 2010 and hearing date of August 31, 2010 for 724 Solutions' motion to compel, Openwave does not articulate any prejudice that will arise because of that schedule.  Further, Openwave does not deny (as it cannot) that this is the briefing and hearing schedule on 724 Solutions' motion to compel that it originally suggested be adopted.  (Pennypacker Decl., ¶ 7.)  Nor does Openwave articulate any reason why the Court should have to hold hearings at two separate times regarding discovery matters in the same case.[1]

---

[1]   Openwave's Opposition to 724 Solutions' Motion to Shorten Time suggests that the shortened time is not necessary because Openwave has recently begun to produce some documents and plans to produce more.  (Dkt. No. 206 at p. 1.)  This fact does not in any way change 724 Solutions' motion to compel, which seeks an order for (1) a date certain upon which Openwave's production of documents in response to 724 Solutions' First Set of Document Requests – which were served in December 2009 – will be complete (something Openwave has

1   It would be efficient for the parties and the Court to have the parties' discovery motions heard on

2   the same date.

3   **IV.     CONCLUSION**

4          For the reasons stated above, 724 Solutions respectfully requests that the Court deny

5   Openwave's request to file its supplemental brief, or, in the alternative, allow 724 Solutions to

6   respond to the supplemental brief on August 17, 2010 and re-set the hearing on Openwave's

7   motion to August 31, 2010.

8

9

10   DATED:  August 2, 2010                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

11

12                                             By _/s/ Evette D. Pennypacker_____
                                                  Evette D. Pennypacker
13                                                *Attorneys for Defendants and Counterclaimants*
                                                  724 Solutions (US) Inc. and 724 Solutions
14                                                Software Inc.

15

16

17

18

19

20

21

22

23

24
_____

25   refused to provide) and (2) compelling the production of certain specified categories of documents
     that Openwave has thus far refused to produce.  (Dkt. No. 202.)  Nor do Openwave's newly
26   produced documents change 724 Solutions' motion to shorten time, which simply seeks to have a
     briefing and hearing schedule on 724 Solutions' motion to compel that Openwave itself suggested
27   would be efficient and will allow the parties' respective motions to be heard on the same date, if
     the Court chooses to allow supplemental briefing on Openwave's motion and sets a hearing for
28   August 31, 2010.