QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Claude M. Stern (Bar No. 96737)
  Evette D. Pennypacker (Bar No. 203515)
  Matthew R. Hulse (Bar No. 209490)
  Cheryl A. Galvin (Bar No. 252262)
  Thai Le  (Bar No. 267460)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100
Email: claudestern@quinnemanuel.com
         evettepennypacker@quinnemanuel.com
         matthulse@quinnemanuel.com
         cherylgalvin@quinnemanuel.com
         thaile@quinnemanuel.com

*Attorneys for Defendants and Counterclaimants*
724 Solutions (US), Inc. and
724 Solutions Software Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., a Delaware corporation, and OPENWAVE SYSTEMS (ROI) LTD., its Republic of Ireland subsidiary,<br><br>*Plaintiffs*,<br><br>v.<br><br>724 SOLUTIONS (US) INC., a Delaware corporation, and 724 SOLUTIONS SOFTWARE INC., a Delaware corporation,<br><br>*Defendants*.<br><br>AND RELATED COUNTERCLAIMS | Case No. 09-CV-03511 (RS, HRL)<br><br>**DEFENDANTS 724 SOLUTIONS (US) INC. AND 724 SOLUTIONS SOFTWARE, INC.'S OPPOSITION TO OPENWAVE SYSTEMS, INC.'S MOTION TO COMPEL DEPOSITION OF DEFENDANTS 724 SOLUTIONS (US) INC. AND 724 SOLUTIONS SOFTWARE INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**<br><br>Date:     October 5, 2010<br>Time:    10:00 a.m.<br>Judge:   Hon. Howard R. Lloyd |

## I. INTRODUCTION

Openwave Systems, Inc. and Openwave Systems (ROI) Ltd.'s (together, "Openwave") have again burdened this Court with unnecessary motion practice. Openwave's motion seeks to compel the 30(b)(6) deposition of 724 Solutions (US) Inc. and 724 Solutions Software Inc. (together, "724 Solutions") even though 724 Solutions has *already agreed* to produce two witnesses (John Sims and Ian Pattison) for this deposition. The "grievance" Openwave seeks to have addressed by this motion to compel is not that 724 Solutions refuses to produces witnesses, but rather, that 724 Solutions is not producing the witnesses at precisely the time Openwave demands. Yet, Openwave's motion fails to identify a single basis for requiring these depositions now. The sole deadlines Judge Seeborg has set for this case are related to claim construction. There is no discovery deadline, no other case schedule and no trial date. Openwave does not – because it cannot – argue that the witnesses it seeks to compel immediate depositions of are related to claim construction issues. Instead, Openwave appears to argue that it is entitled to these depositions now simply because it served a 30(b)(6) deposition notice on 724 Solutions in March. This is not a legitimate basis for Openwave's motion.

724 Solutions has consistently informed Openwave that the non-claim construction depositions it seeks are premature. Not only do the deadlines in the case fail to require that these depositions be taken now, but the state of the parties' respective document productions and discovery responses also make taking these depositions now wasteful and inefficient. In particular, 724 Solutions informed Openwave that its document production was not yet complete in several respects and therefore asked that Mr. Sims' and Mr. Pattison's depositions be continued to a later date. 724 Solutions alternatively offered to allow these depositions to go forward now if Openwave would stipulate that it would not to seek a subsequent deposition of either Mr. Sims or Mr. Pattison after 724 Solutions completed its document production. Openwave refused to so stipulate and, instead, filed the present motion.

## II. BACKGROUND

**Openwave's Lawsuit.** Openwave filed this lawsuit on July 31, 2009 alleging 724 Solutions infringes four patents in the Wireless Application Protocol ("WAP") area. (Dkt. No. 1.) By agreement of the parties, Openwave added four more patents to the case in early 2010. (Dkt. Nos. 51, 76, 78.) Openwave served its Patent L.R. 3-1 disclosures on January 22, 2010, alleging that four 724 Solutions products infringed some *200 claims* in the asserted patents. (Declaration of Evette D. Pennypacker, ("Pennypacker Decl."), ¶ 6.) 724 Solutions requested that Openwave narrow the number of asserted claims to allow for the efficient defense, prosecution and trial of the case for the parties and the Court, but Openwave refused. (*Id.*)

**Deponents and Deposition Topics**. By this motion, Openwave is currently seeking two depositions. The first is John Sims, 724 Solutions' former Chief Executive Officer, who will address 30(b)(6) topics 8 and 9, which topics relate to offers to sell and sales of the accused products, as well as current installations of accused products. (Pennypacker Decl., ¶ 3.) The second is Ian Pattison, 724 Solutions' former Chief Technology Officer who lives in Scotland, and who has been designated to address 30(b)(6) topics 7 and 10-12. Those topics relate to research, design and technical features of the accused products. (*Id.*)

**Initial Meet and Confer on Deposition Scheduling.** In February 2010, Openwave filed a motion to disqualify 724 Solutions' prior counsel of record in this action, Fish & Richardson LLP. (Dkt. No. 89.) Judge Seeborg granted that motion by order dated April 22, 2010. (Dkt. No. 167.) From April 22, 2010 through May 21, 2010, 724 Solutions was actively seeking new counsel to represent it in this matter and was unrepresented. (Pennypacker Decl., ¶ 6.) Quinn Emanuel substituted as counsel of record for 724 Solutions on May 21, 2010. (Dkt. 181.) On May 28, 2010, the parties met and conferred on many topics, including deposition scheduling. (Pennypacker Decl., ¶ 7.) Even at that early stage of 724 Solutions' new counsel's involvement, 724 Solutions informed Openwave that it believed a 30(b)(6) deposition of 724 Solutions regarding topics not related to claim construction was simply premature given the stage of the case. (*Id.*)

1 **Openwave's First Premature Motion to Compel Regarding 30(b)(6) Depositions.** On July 19, 2010, Openwave requested by email that 724 Solutions provide dates for the 30(b)(6) depositions that Openwave had previously discussed with Fish & Richardson. (Pennypacker Decl., ¶ 8.) 724 Solutions' counsel informed Openwave that a key person at the client was on vacation for several weeks, and that therefore dates could not be confirmed immediately. (*Id.*) Openwave requested firm dates again on July 30, 2010. (*Id.*) 724 Solutions' counsel reiterated to Openwave's counsel that some key people at the client were traveling, and that 724 Solutions would respond to Openwave shortly. (*Id.*) Openwave's counsel replied the same day, saying "[are] you really going to make us file a motion to compel to get this deposition too?" (*Id.* at ¶ 9.) Counsel for 724 Solutions responded that, as Openwave's counsel had been repeatedly informed, 724 Solutions' counsel was not in a position to finalize dates due to the client's vacation schedule, but would do so as soon as possible. (*Id.*) Nevertheless, the next day, on August 3, Openwave chose to file a motion to compel the depositions. (*Id.*) On August 4, 2010, this Court denied Openwave's motion, vacated the hearing date and ordered the parties to participate in an in-person meet and confer. (Dkt. 218.)

**In-Person Meet and Confer and Deposition Scheduling.** On August 18, 2010, counsel for the parties participated in an in-person meet and confer as ordered by the Court. (Pennypacker Decl., ¶ 10.) During that meet and confer, 724 Solutions' counsel indicated that it would produce John Sims and Ian Pattison for deposition in September. (*Id.*) Openwave's counsel also asked 724 Solutions' counsel if it had completed its document production. (*Id.*) 724 Solutions' counsel replied that it could not represent that its document production was complete and, due to the previous change in counsel, was actively investigating how many documents, if any, still needed to be produced. (*Id.*) 724 Solutions subsequently agreed to produce Mr. Sims for deposition on September 2 and Mr. Pattison for deposition on September 14. (*Id.* at ¶ 11.) Openwave also agreed to provide Steven Boyle, a named inventor on two of the patents-in-suit, to testify as a 30(b)(6) witness on the prosecution of all of the patents-in-suit and Openwave's position on the level of ordinary skill in the art on September 15. (*Id.*)

-3-

1 **The Parties' Document Productions.** 724 Solutions has already produced over 2 million pages of documents. (Pennypacker Decl., ¶ 12.) However, as a result of its investigation, 724 Solutions determined that a significant number of documents had been collected by 724 Solutions' prior counsel but not produced, that the collection conducted by predecessor counsel stopped in the beginning of January 2010 (when 724 Solutions was acquired by a third party), and that there were still some custodians from whom a collection needed to be made. (*Id*. at ¶ 13.) 724 Solutions expects that the majority of these documents will be collected, processed and produced in the next one to two months. (*Id*.)

Openwave, to date, has produced approximately 1.5 million pages of documents. (Pennypacker Decl., ¶ 12.) Only 14,311 pages were produced prior to July 30, 2010, when 724 Solutions filed a motion to compel production of documents – one year after Openwave filed this lawsuit. (*Id*.) Openwave has consistently refused to tell 724 Solutions when its document production will be complete.

**Subsequent Meet and Confer Regarding Mr. Sims' and Mr. Pattison's Depositions**. 724 Solutions promptly informed Openwave on August 30, 2010 that it would be extremely inefficient for the deponents and the parties to conduct Mr. Sims' and Mr. Pattison's depositions on the scheduled dates because 724 Solutions' document production was not yet complete. (Pennypacker Decl., ¶ 13.) Immediately taking these depositions was particularly inefficient here, since there is no discovery cut off, no non-claim construction case schedule and no trial date, and 724 Solutions' document production would be nearly complete in a relatively short time. (*Id*.)

724 Solutions agreed to produce Mr. Sims and Mr. Pattison for deposition on the scheduled dates if Openwave stipulated that it would depose each individual only once. (Pennypacker Decl., ¶ 13.) Openwave refused to enter into such a stipulation, and instead insisted that it would move forward with both depositions and "reserve[d] its right to seek further deposition testimony if and when 724 produces documents." (*Id*.) Since Openwave planned to seek more than one deposition of Mr. Sims' and Mr. Pattison's, 724 Solutions took those depositions off calendar. (*Id*.) 724 Solutions emphasized that it was *not* refusing to produce the witnesses. (*Id*.) Rather, 724 Solutions sought to protect these witnesses from being subjected to

1 two depositions by continuing their depositions to a later time when 724 Solutions' document
2 production was more complete.  (*Id.*)

3       The next day, at 11:21 a.m., Openwave apparently changed its mind and told 724 Solutions
4 that it would be willing to agree to a mutual stipulation whereby a second deposition would not be
5 sought for any deponent whose deposition was then-pending based on subsequent document
6 productions. (Pennypacker Decl., ¶ 14.)  Openwave's offer was conditioned on (1) agreement that
7 depositions 724 Solutions sought for claim construction be subject to the stipulation, (2) Mr. Sims'
8 and Mr. Pattison's depositions go forward on September 2 and 14, respectively, and (3) that 724
9 Solutions agree to this offer by 5:00 p.m. that same day.  (*Id.*)

10       724 Solutions told Openwave that it could not respond so quickly, since decision makers in
11 the client were located in Israel and were sleeping during the short window Openwave demanded
12 for a response.  (Pennypacker Decl., ¶ 14)  Further, it was no longer clear that Mr. Sims and Mr.
13 Pattison would still be available on the previously scheduled dates, since they had been informed
14 the day before that their depositions would not be moving forward as scheduled.  (*Id.*)  In
15 particular, Mr. Sims' deposition had been scheduled for two days later, so it was very short notice
16 to re-calendar the deposition.  (*Id.*)  724 Solutions' counsel did assure Openwave's counsel that it
17 would report back once more information was known.  (*Id.*)

18       Without waiting for 724 Solutions to confirm whether or not Mr. Sims and Mr. Pattison
19 were still available on their scheduled dates, or whether or not the mutual stipulation was
20 agreeable, Openwave unilaterally filed this motion to compel—before the 5:00 p.m. deadline that
21 it set for a response from 724 Solutions.  (Pennypacker Decl., ¶ 15.)

22       **Openwave's Refusal To Provide Its Own Deponents**.  Openwave initially agreed to
23 produce Mr. Boyle to address topics in 724 Solutions' 30(b)(6) deposition notice relating to the
24 prosecution of the asserted patents and Openwave's position on the level of ordinary skill in the
25 art. (Pennypacker Decl., ¶ 11.)  When 724 Solutions sought to confirm the date for this
26 deposition, Openwave stated that 724 Solutions' continuance of Mr. Sims' and Mr. Pattison's
27 depositions necessarily took Mr. Boyle's deposition off calendar and that Openwave would not
28 produce Mr. Boyle for deposition until after 724 Solutions provided dates for Mr. Sims' and Mr.

-5-

1 Pattison's depositions to take place before Mr. Boyle's deposition. (*Id*. at 16.) Openwave also
2 refuses to produce third party Alain Rossman for deposition – a named inventor on 6 out of the 8
3 patents Openwave asserts against 724 Solutions in this case – ostensibly on the grounds that his
4 deposition is premature. (*Id*.)

## III.     ARGUMENT

### A.     Openwave's Motion Is Premature.

Openwave's motion seeks to compel depositions that 724 Solutions has already agreed to provide. The only issue is *when* the depositions will occur. 724 Solutions is not attempting to prejudicially delay these depositions. Instead, 724 Solutions seeks to save the parties' and deponents' time and resources by ensuring that these depositions will only need to be taken once.

724 Solutions believes that its document production will be very close to complete within the next one to two months. There is no harm in delaying these depositions until that time—there is currently no discovery cutoff and no trial date. Notably, Openwave has not given a *single* reason as to why these depositions must occur now. Openwave merely states that it wants them now, so it should have them now. The only discovery deadline in this case is the claim construction discovery cut-off of September 13, 2010. (Dkt. 183.) Openwave has not given this as a reason to require these depositions at this time, nor could it: Mr. Sims and Mr. Pattison would be testifying about information that is not relevant to claim construction. (Pennypacker Decl., ¶ 17.) Moreover, Openwave did not list any witnesses that it intended to use for claim construction in the parties' Local Patent Rule 4-3 Joint Claim Construction Statement. (Dkt. 223.) Thus, it is not unreasonable or at all prejudicial to Openwave for Mr. Sims' and Mr. Pattison's depositions to take place at a later date, after 724 Solution's document production is more complete.

### B.     Openwave Cannot Compel 724 Solutions' Depositions While Refusing To Provide Its Own.

Openwave is taking the hypocritical position that it may compel the 30(b)(6) depositions of 724 Solutions while refusing to provide its own 30(b)(6) deposition and the deposition of a third party named inventor. Such tactics must not be allowed. 724 Solutions has stated numerous times that it will provide its witnesses and would like to work with Openwave to determine dates that

1  will be the most efficient for both parties.  Openwave has refused to engage in any dialogue and
2  instead filed two motions to compel regarding these same depositions.  Rather than filing its own
3  motions to compel the depositions that Openwave has thus far refused to provide to Openwave,
4  724 Solutions remains willing to discuss dates that are mutually agreeable to both parties.  Again,
5  as there is no discovery cutoff in this case and no trial date, there is ample time to reschedule all of
6  these depositions after the completion or near completion of the parties' document productions.

## IV.   CONCLUSION

For the reasons stated above, 724 Solutions respectfully requests that the Court deny Openwave's Motion to Compel the 30(b)(6) depositions of 724 Solutions and allow the parties to confer to schedule mutually convenient dates for depositions to take place after the parties' document productions are more complete.

DATED:  September 14, 2010            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Evette D. Pennypacker*
Evette D. Pennypacker
*Attorneys for Defendants and Counterclaimants*
724 Solutions (US) Inc. and 724 Solutions Software Inc.