**\*\* E-filed September 22, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS, INC.,<br>a Delaware corporation; and<br>OPENWAVE SYSTEMS (ROI) Ltd., its<br>Republic of Ireland subsidiary,<br><br>          Plaintiffs,<br><br>     v.<br><br>724 SOLUTIONS (US) INC., a Delaware<br>corporation; and 724 SOLUTIONS<br>SOFTWARE, INC., a Delaware corporation,<br><br>          Defendants.<br>_____/ | No. C09-03511 RS (HRL)<br><br>**ORDER GRANTING OPENWAVE'S MOTION TO COMPEL DEPOSITION OF DEFENDANTS 724 SOLUTIONS (US) INC. AND 724 SOLUTIONS SOFTWARE INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**<br><br>**[Re: Docket No. 224]** |

In July 2009, Plaintiffs Openwave Systems, Inc. and Openwave Systems (ROI) Ltd. (collectively, "Openwave") sued defendants 724 Solutions (US), Inc. and 724 Solutions Software, Inc. (collectively, "724 Solutions") for patent infringement. 724 Solutions countersued for declaratory relief. There is a claim construction hearing set for November, but there are no other dates, including a discovery cutoff or trial date, yet set in this case.

Back in April of this year, Openwave served 724 Solutions with a notice to take 724 Solutions's deposition pursuant to Federal Rule of Civil Procedure ("FRCP") 30(b)(6). (Docket No. 225-1 ("Scher Decl."), Ex. A.) 724 Solutions's then-counsel, Fish & Richardson, agreed to provide two individuals for deposition the next month. (Scher Decl. ¶ 5) These dates were cancelled,

though, when Judge Seeborg granted Openwave's motion to disqualify Fish & Richardson. (Docket No. 167.) 724 Solutions thereafter retained new counsel on May 21. (Docket No. 181.)

Over the summer, the parties apparently made some effort to reschedule the dates for 724 Solutions's deposition. (Scher Decl. ¶¶ 7-12.) After these efforts failed, Openwave filed a motion to compel. (Docket No. 212.) The Court, however, took this motion (along with several others) off calendar and required the parties' lead attorneys to meet and confer to resolve this and other issues. (Docket No. 218.)

Those further meet and confer efforts lead to an agreement. At the meet and confer, 724 Solutions agreed to produce John Sims and Ian Pattison as FRCP 30(b)(6) deponents in September, and the next day it scheduled Sims for September 2 and Pattison for September 14. (Docket No. 232 ("Pennypacker Decl."), Ex. B.)

On August 31, just three days before Sims's scheduled deposition, 724 Solutions's counsel notified Openwave's counsel that it believed the depositions as scheduled were "woefully premature" because the depositions have nothing to do with claim construction and because 724 Solutions had not yet finished its document production. (*Id.*) Instead, 724 Solutions stated that it would "only move forward with depositions on September 2 and 14 if Openwave enters a stipulation" that Openwave "will not seek to depose Mr. Sims or Mr. Pattison a second time in this lawsuit for any reason." (*Id.*) Openwave rejected this proposal and, instead, moved once more for an order compelling 724 Solutions's deposition. (Docket No. 224.)

Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the October 5, 2010 hearing is vacated.[1]

## DISCUSSION

Openwave argues simply that it is has provided ample notice to 724 Solutions of its intent to take its deposition and has the right to take it when it chooses. Under FRCP 26(d), discovery may be sought after the FRCP 26(f) conference, and methods of discovery, including depositions pursuant to FRCP 30(b)(6), may be used in any sequence unless the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice. The FRCP 26(f) conference took

---

[1] Oral argument on Openwave's other motion to compel (Docket No. 230) <u>will still be heard on October 5</u>.

2

place in October 2009 and Openwave served 724 Solutions with a deposition notice in April and has been trying to schedule these depositions ever since.

724 Solutions makes a few unavailing arguments in response.  At the outset, it points out that Openwave's motion "fails to identify a single basis for requiring these depositions now." (Docket No. 231 ("Opp'n") at 1.)  True enough, but, as explained above, Openwave is not required to do so.  And while there is no discovery deadline in place, this does not mean that 724 Solutions gets to put off the deposition until it is ready, regardless of whether the deposition is or is not related to claim construction.

724 Solutions's primary argument, though, is that the depositions are premature because it has not yet completed its document review.  It says that a "significant" number of documents still need to be produced, and it will take about one to two months to do so.  (Opp'n at 4.)  And as long as their production is incomplete, "it would be extremely inefficient for the deponents and the parties to conduct Mr. Sims'[s] and Mr. Pattison's depositions on the scheduled dates . . . ." (Opp'n at 4.)

But this argument is undercut by the parties' previous discussions about when to schedule these depositions.  In July, when Openwave asked 724 Solutions to provide possible dates for the depositions, 724 Solutions's counsel responded that dates could not be provided then because key persons at 724 Solutions were either on vacation or travelling at that moment.  (Pennypacker Decl. ¶¶ 7-8.)  It made no "premature" argument then.[2]  Next, at the meet and confer in August, 724 Solutions agreed to produce Sims and Pattison for deposition in September, and they even set specific dates.  (Pennypacker Decl. ¶¶ 9-10.)  And despite indicating that its document production was not finished,[3] it did not make any "premature" argument at that time either.[4]

724 Solutions lastly argues that it "was not refusing to produce the witnesses"; rather, it "sought to protect these witnesses from being subjected to two depositions by continuing their

---

[2] While 724 Solutions told Openwave in May that it believed the depositions were premature given the stage in the litigation, it did not make this argument in subsequent communications — at least until it cancelled the scheduled depositions on August 31.  (Pennypacker Decl. ¶¶ 6-10.)
[3] 724 Solutions apparently did not discover that so many documents were yet to be produced until after the parties met and conferred in August.  (Pennypacker Decl. ¶12.)
[4] In any case, 724 Solutions more or less bought itself several more weeks by cancelling the scheduled September depositions.  So, 724 Solutions should almost be "ready" for the depositions to take place anyway.

3

depositions to a later time when 724 Solutions'[s] document production was more complete." (Opp'n at 4-5.) Ironically, it is 724 Solutions's worry in this regard that is premature. Under FRCP 30(a)(2)(A)(ii), a court order is needed to re-depose a witness previously deposed in the same case. If and when Openwave seeks to depose Sims and Pattison again, Openwave will have to make its argument for doing so at that time.

## CONCLUSION

Based on the foregoing, the Court GRANTS Openwave's motion. 724 Solutions shall designate and produce deponents for its deposition pursuant to FRCP 30(b)(6) within one month of the date of this order.

**IT IS SO ORDERED.**

Dated: September 22, 2010



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C09-03511 RS (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Ahren Christian Hoffman | ahoffman@morganlewis.com, tmajidian@morganlewis.com |
| Brett Michael Schuman | bschuman@morganlewis.com, mcwong@morganlewis.com |
| Claude M. Stern | claudestern@quinnemanuel.com, sandranichols@quinnemanuel.com |
| Daniel Johnson, Jr | djjohnson@morganlewis.com |
| Evette Dionna Pennypacker | evettepennypacker@quinnemanuel.com |
| Jesse Geraci | jessegeraci@quinnemanuel.com, alanarivera@quinnemanuel.com, westonreid@quinnemanuel.com |
| Michael Henry Page | mpage@durietangri.com, records@durietangri.com |
| Ray R. Zado | ray.zado@ropesgray.com |
| Ryan Lindsay Scher | rscher@morganlewis.com, ahoffman@morganlewis.com, cholsome@morganlewis.com, shaun.sullivan@morganlewis.com, tmajidian@morganlewis.com |
| Thai Q Le | thaile@quinnemanuel.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**